■ ˙ PATRICK LEE MCLAUGHLIN, Appellant, v MALONE & TATE BUILDERS, INC., Respondent. [787 NYS2d 157]—

Crew III, J.P. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered October 29, 2003 in Albany County,

which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

In July 1998, plaintiff was employed as a mason by a subcontractor of defendant, who was the general contractor on a construction project. Plaintiff was working on an outrigger at the third level of a scaffold when he was struck by two concrete blocks that fell from a stack of blocks on the level above him. As a consequence, plaintiff commenced this action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment on the issue of liability. Supreme Court granted defendant's motion and denied plaintiff's cross motion, prompting this appeal by plaintiff.

The record reveals that on the day plaintiff was injured, he was positioned on an outrigger that was at the third level of a scaffold where he was laying block at the control or expansion joint of a wall. On the fourth level of the scaffold, laborers were unloading blocks from a pallet and arranging them in two, three and four-block stacks along the edge of the scaffold in the area where plaintiff and other masons were laying block. These laborers were responsible for supplying block and mortar to the masons for incorporation into the wall. This was a continuing process requiring the laborers to replenish the stacks of blocks from the pallet as work progressed. While this work was taking place, a laborer at the fourth level apparently tripped or lost his balance and struck a stack of blocks that were behind and some five feet overhead of plaintiff. Two of the blocks struck plaintiff causing the injuries that prompted this action.

In support of his cross motion for summary judgment and in opposition to defendant's motion, plaintiff submitted an affidavit and a supplemental affidavit in which he asserted that the blocks he was using were located at the third level and that the blocks he referred to as being stacked on the fourth level were being stored for use at a later time, i.e., when the work progressed to the fourth level. Thus, he maintains, because such blocks were being stored for some later use, a securing device was required pursuant to the terms of Labor Law § 240 (1).

With regard to plaintiff's affidavits, we note that they are contradictory to the fair import of his deposition testimony and, therefore, cannot create an issue of fact that otherwise does not exist (see e.g. Benamati v McSkimming, 8 AD3d 815, 817 [2004]). In any event, even if we considered such affidavits, we do not perceive that they have created a genuine issue of fact. The record makes plain that the blocks being stacked at the

fourth level of the scaffold were to be incorporated into the masons' work on that very day, plaintiff having testified that the work progressed very quickly and that they could have been working at the fifth or sixth level by the afternoon in question. Thus, this is not a situation where a hoisting or securing device of the kind contemplated by Labor Law § 240 (1) was necessary or even expected (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *cf. Jordan v Blue Circle Atl.*, 306 AD2d 741, 743 [2003]).

With regard to plaintiff's argument concerning a violation of the Industrial Code with respect to the storage of materials, suffice to say that we do not view the stacking of the blocks here as a matter of storage. As noted, they were being incorporated, on the day in question, into the work of the masons and, as they were used, they were replenished. Such finding, contrary to plaintiff's contention, does not require an assessment of his credibility. Nor do the provisions of the Industrial Code requiring suitable overhead protection where workers are normally exposed to falling objects apply (*see* 12 NYCRR 23-1.7 [a] [1], [2]), as nothing in the record suggests that the masons here normally were exposed to falling objects. We have considered plaintiff's remaining contentions and find them equally without merit.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.