■ GERALD WAITKUS, Appellant, v METROPOLITAN HOUSING PARTNERS, Defendant, and CARLISLE SOHO EAST TRUST, Respondent and Third-Party Plaintiff-Appellant. EXTERIOR ERECTING SYSTEMS, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [854 NYS2d 388]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered January 2, 2007, which granted the motion of defendant Carlyle Soho East Trust, sued herein as Carlisle Soho East Trust, for summary judgment dismissing the complaint against it and denied plaintiff's cross motion for partial summary judgment on liability against Carlyle, denied Carlyle's motion for summary judgment on its contractual indemnification and contribution claims against third-party defendant Exterior Erecting Systems and granted the cross motion by Exterior for summary judgment dismissing the third-party complaint against it, unanimously affirmed, without costs.

Plaintiff's Labor Law § 200 claim raised no issue of fact as to whether defendants exercised supervisory control over the work site (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). The Labor Law § 241 (6) claims were also properly dismissed because Industrial Code (12 NYCRR) § 23-2.1 (a) (1) and § 23-1.7 (e) (2) do not apply to these facts. Even assuming, for the sake of argument, that the panels that caused plaintiff's injury were being stored on the roof at some time before he began working there, they were not in storage but rather were being installed at the time of the alleged incident. Section 23-2.1 (a), which refers to storage of material, thus does not apply (*see McLaughlin v Malone & Tate Bldrs., Inc.*, 13 AD3d 859 [2004]). In any event, plaintiff was in a work area, not a passageway, further removing the injury from the ambit of section 23-2.1 (*see Militello v 45 W. 36th St. Realty Corp.*, 15 AD3d 158 [2005]). Similarly, Industrial Code § 23-1.7 (e) (2) does not apply because the record contains no testimony that plaintiff was injured due to tripping in his work area, that any tools were scattered about, or that he was injured by a sharp projection.

The third-party claim for contractual indemnification was properly dismissed since the promise on which it was based is

found in the main agreement between Carlyle and the original contractor, to which third-party defendant Exterior was not a signatory. While it is true that the construction subcontract signed by Exterior incorporated the main agreement by reference, "[u]nder New York law, incorporation clauses in a construction subcontract, incorporating prime contract clauses by reference into a subcontract, bind a subcontractor only as to prime contract provisions relating to the scope, quality, character and manner of the work to be performed by the subcontractor" (*Bussanich v 310 E. 55th St. Tenants*, 282 AD2d 243, 244 [2001]).

We have considered the parties' remaining contentions for affirmative relief and find them without merit. Concur—Lippman, P.J., Tom, Williams and Acosta, JJ.