■ MILTON GUALLPA, Appellant-Respondent, v LEON D. DE-MATTEIS CONSTRUCTION CORP. et al., Respondents-Appellants. [997 NYS2d 1]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered January 22, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary

judgment as to liability under Labor Law § 240 (1) and under Labor Law § 241 (6) as predicated on a violation of Industrial Code (12 NYCRR) § 23-2.1 (a) (1), granted so much of defendants' cross motion for summary judgment as sought to dismiss the Labor Law §§ 240 (1) and 241 (6) claims and denied so much of the cross motion as sought to dismiss the Labor Law § 200 and common-law negligence claims, unanimously affirmed, without costs.

Plaintiff, Milton Guallpa, an employee of nonparty New Town Corporation (New Town), allegedly suffered an injury to his right knee while working at a construction site. Defendant Leon D. DeMatteis Construction Corporation (DeMatteis) was hired by defendant New York City School Construction Authority, a division of defendant New York City Department of Education, to act as the general contractor on the construction of a school. New Town was subcontracted by DeMatteis to complete the masonry work on the project.

During construction, New Town received concrete stones on wooden pallets. Each pallet measured about three- to four-feet high. Because the construction site was open to the elements, the pallets were covered with a plastic tarp to keep the stones dry. On the day of the accident, plaintiff was constructing a scaffold near an open area where several of these pallets were located. As plaintiff walked by one of the pallets, a stone block that was resting on top of it allegedly fell and struck him on the right knee. The block weighed approximately 25 pounds. The record contains no evidence as to how the block could have come off the pallet.

Plaintiff commenced this action, asserting Labor Law §§ 200, 240 (1); 241 (6) and common-law negligence causes of action. Plaintiff then moved for partial summary judgment on liability on his sections 240 (1) and 241 (6) claims. Defendants cross-moved for summary judgment dismissing the entire complaint. The motion court denied plaintiff's motion for summary judgment and granted defendants' cross motion to the extent of dismissing the sections 240 (1) and 241 (6) claims. The court declined to address defendants' cross motion on the section 200 and negligence claims, finding that this aspect of the cross motion was untimely.

The motion court properly granted defendants' cross motion to dismiss plaintiff's Labor Law § 240 (1) claim. Section 240 (1) does not apply automatically every time a worker is injured by a falling object (*see Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 662-663 [2014]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]; *see also DeRosa v Bovis Lend Lease*

*LMB, Inc.,* 96 AD3d 652, 654 [1st Dept 2012]). Rather, the "decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.,* 13 NY3d 599, 603 [2009]). The worker must establish that the object fell because of the inadequacy or absence of a safety device of the kind contemplated by the statute (*Fabrizi* at 662-663; *see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.,* 18 NY3d 1, 9-10 [2011]). In order for something to be deemed a safety device under the statute, it must have been put in place "as to give proper protection" for the worker (Labor Law § 240 [1]).

Here, we conclude that plaintiff's injury was not caused by the absence or inadequacy of the kind of safety device enumerated in the statute (*see Fabrizi* at 663). Plaintiff does not contend that the block itself was inadequately secured. Instead, plaintiff argues that section 240 (1) is applicable because his injuries were caused by defendants' failure to provide an adequate safety device to hold the plastic tarp in place. Specifically, plaintiff maintains that the plastic tarp was inadequately secured because, if it had been properly secured, such as with ropes and stakes, plaintiff's injury would not have occurred.

Plaintiff's argument is unconvincing. The plastic tarp was not an object that needed to be secured for the purposes of section 240 (1) (*see Quattrocchi v F.J. Sciame Constr. Corp.,* 11 NY3d 757, 758-759 [2008]), nor is there any indication that the tarp caused plaintiff's injuries. The tarp was in place to keep the stone blocks dry, not to secure the stones stacked on the pallet underneath it. The purpose of the tarp was to keep possible rain off the object, not to protect the workers from an elevated risk (*see Fabrizi* at 663; *Runner,* 13 NY3d at 603; *Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.,* 104 AD3d 446, 449-450 [1st Dept 2013]).

*Wilinski* and *Runner,* upon which plaintiff relies, are distinguishable. *Wilinski* primarily concerns the issue of what constitutes an elevation-related hazard undersection 240 (1). As we find that plaintiff's injury was not the result of an inadequate safety device, we need not address the issue of elevation. We also note that *Wilinski* observes that, although an injury may have been caused by an elevation-related risk, it is still necessary that there be a "causal nexus between the worker's injury and a lack or failure" of a safety device as contemplated by the

statute (18 NY3d at 9). Here, no such causal nexus was established.*

Nor does *Runner* require a different result. In *Runner*, the plaintiff sustained injuries to his hands when the pulley system that he was using to lower an 800-pound reel of wire failed to regulate the reel's descent. The Court found that section 240 (1) applied because the plaintiff's injuries were directly caused by the failure of a safety device to protect him from harm "flowing from the application of the force of gravity to an object" (*Runner*, 13 NY3d at 604 [internal quotation marks and emphasis omitted]). There, the plaintiff was provided with an inadequate device, the pulley system, to complete a task that required him to lower a large amount of weight down several stairs and his injuries were caused by the failure of the defendants to provide him with a sufficient device to complete the undertaking. As the Court of Appeals observed, the purpose of section 240 (1) "is to protect construction workers[,] not from routine workplace risks, but from the pronounced risks arising from construction work site elevation differentials" (*id.* at 603). Here, in contrast to *Runner*, the block that allegedly struck plaintiff was not intended to protect him while he engaged in work that involved an elevated risk. Rather, the block, the only purpose of which was to hold down the plastic tarp, allegedly fell as plaintiff walked by the pallet. Therefore, section 240 (1) is inapplicable.

The motion court properly dismissed plaintiff's section 241 (6) claim predicated on a violation of Industrial Code § 23-2.1 (a) (1). As plaintiff's injury occurred in an open work area, not in a passageway or a walkway, section 23-2.1 (a) (1) is not applicable (*see Ghany v BC Tile Contrs., Inc.*, 95 AD3d 768, 769 [1st Dept 2012]; *Waitkus v Metropolitan Hous. Partners*, 50 AD3d 260 [1st Dept 2008]). Further, there is no indication that the pallet was stored in an unstable or unsafe manner (*see Flynn v 835 6th Ave. Master L.P.*, 107 AD3d 614, 614-615 [1st Dept 2013]).

The motion court properly denied as untimely the portion of defendants' cross motion seeking dismissal of plaintiff's Labor Law § 200 and common-law negligence claims. Although a court may decide an untimely cross motion, it is limited in its search of the record to those issues or causes of action "nearly identical" to those raised by the opposing party's timely motion (*Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280, 281 [1st Dept 2006], *appeal dismissed* 9 NY3d 862 [2007] [internal quotation marks omitted]; *see Alonzo*, 104 AD3d at

---

* Indeed, we do not understand how the 25-pound concrete block moved and the record contains no evidence to explain this.

448-449). Here, defendants' cross motion as to plaintiff's section 200 and common-law negligence claims does not raise issues sufficiently related to the sections 240 (1) and 241 (6) claims raised by plaintiff's timely motion and therefore consideration on the merits is not warranted (*see Filannino*, 34 AD3d at 281 [the plaintiff's untimely cross motion for summary judgment on his Labor Law § 240 (1) claim was properly denied as the defendants' timely motion addressed only Labor Law §§ 200 and 241 (6)]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Saxe, Richter and Clark, JJ.

---

The decision and order of this Court entered herein on May 27, 2014 (117 AD3d 614 [1st Dept 2013]) is hereby recalled and vacated (*see* 2014 NY Slip Op 85221[U] [2014] [decided simultaneously herewith]).