Nalbone v Vanderbilt Props., Inc. (2020 NY Slip Op 02004)





Nalbone v Vanderbilt Props., Inc.


2020 NY Slip Op 02004


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


315 CA 19-01322

[*1]THEODORE NALBONE AND JENNIFER NALBONE, PLAINTIFFS-APPELLANTS,
v
VANDERBILT PROPERTIES, INC., AND DAVID HOME BUILDERS, INC., DEFENDANTS-RESPONDENTS. VANDERBILT PROPERTIES, INC, THIRD-PARTY PLAINTIFF, 
 CMC CONCRETE, LLC, THIRD-PARTY DEFENDANT-RESPONDENT, ET AL., THIRD-PARTY DEFENDANT. DAVID HOME BUILDERS, INC., THIRD-PARTY PLAINTIFF, 
CMC CONCRETE, LLC, THIRD-PARTYDEFENDANT-RESPONDENT, ET AL., THIRD-PARTY DEFENDANT.






VIOLA, CUMMINGS & LINDSAY, LLP, NIAGARA FALLS (MICHAEL J. SKONEY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
LIPPMAN O'CONNOR, BUFFALO (GERARD E. O'CONNOR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.
TREVETT CRISTO, ROCHESTER (ALAN J. DEPETERS OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Mark A. Montour, J.), entered April 24, 2019. The order and judgment, among other things, dismissed the complaint in its entirety. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover damages for injuries that Theodore Nalbone (plaintiff) sustained while working on a construction project. Plaintiffs appeal from an order and judgment that, inter alia, effectively denied their cross motion for partial summary judgment on their Labor Law § 240 (1) cause of action and granted those parts of the respective motion and cross motion of defendants-third-party plaintiffs and of third-party defendant CMC Concrete, LLC (collectively, defendants) for summary judgment dismissing the section 240 (1) and 241 (6) causes of action. We affirm.
Contrary to plaintiffs' contention, Supreme Court properly concluded that section 240 (1) is inapplicable to this case because plaintiff was not injured as a result of an elevation-related risk [*2](see Desharnais v Jefferson Concrete Co., Inc., 35 AD3d 1059, 1060 [3d Dept 2006]; see generally Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 288 [2003]). Contrary to plaintiffs' further contention, the court properly determined that defendants were entitled to judgment as a matter of law on the section 241 (6) cause of action inasmuch as defendants demonstrated that 12 NYCRR 23-1.7 (a) (1); 23-6.1 (e); 23-9.3 (d) and (e); and 23-9.7 (d) are all inapplicable to the facts of this case (see McLaughlin v Malone & Tate Bldrs., Inc., 13 AD3d 859, 861 [3d Dept 2004]; Flihan v Cornell Univ., 280 AD2d 994, 994 [4th Dept 2001]; Brechue v Town of Wheatfield, 241 AD2d 935, 936 [4th Dept 1997], lv denied 94 NY2d 759 [2000]), and plaintiffs failed to raise a triable issue of fact in opposition.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court