Mendriski v New York City Hous. Auth. (2020 NY Slip Op 07137)





Mendriski v New York City Hous. Auth.


2020 NY Slip Op 07137


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Index No. 154435/17 Appeal No. 12499 Case No. 2020-01938 

[*1]David Mendriski, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant, URS Corporation, Defendant-Respondent.


Cellino & Barnes, P.C., Melville (Joshua B. Sandberg of counsel), for appellant.
Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for respondent.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered October 25, 2019, which, insofar as appealed from as limited by the briefs, granted defendant URS Corporation's (URS) motion for summary judgment dismissing the Labor Law § 200 claim, unanimously affirmed, without costs.
Plaintiff was working on a ladder, when his supervisor pulled on a vacuum extension cord, which had wrapped around the foot of the ladder, yanking the ladder from underneath him. Plaintiff was performing renovation work on property owned by NYCHA, which had retained [*2]plaintiff's employer, nonparty Rockmore Contracting Corp. (Rockmore), as the general contractor, and defendant URS as the construction manager.
The motion court properly granted URS's motion for summary judgment dismissing the Labor Law § 200 claim. The parties do not dispute that the accident arose out of the means and methods of plaintiff's work, and there is no evidence that defendants controlled or exercised supervisory authority over how plaintiff performed his work. The contract between NYCHA and URS expressly provided that URS was not responsible for the means and methods of Rockmore's work. URS's project superintendent testified that URS was responsible for overseeing "the general construction to make sure it was . . . built per plans and specifications, on schedule and on budget." While he testified that URS performed daily inspections of the work, including that of Rockmore, and had authority to stop work for safety reasons, he also testified that URS did not have "any obligation regarding the methods of the work being performed." He further testified that he did not supervise or instruct Rockmore employees how to perform their work, and plaintiff admitted that he received instructions only from his supervisors at Rockmore. The foregoing establishes that URS had only general supervisory authority over the worksite, and did not control the manner in which the injury-producing work was being performed (Hughes v Tishman Constr. Corp., 40 AD3d 305, 306 [1st Dept 2007]; see also Villanueva v 114 Fifth Ave. Assoc. LLC, 162 AD3d 404, 406 [1st Dept 2018]; Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449 [1st Dept 2013]; Foley v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 476 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020