Ormsbee v Time Warner Realty Inc. (2022 NY Slip Op 02093)





Ormsbee v Time Warner Realty Inc.


2022 NY Slip Op 02093


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Kapnick, J.P., Webber, Friedman, Kennedy, Mendez, JJ. 


Index No. 152549/17 Appeal No. 15603 Case No. 2021-02409 

[*1]John Ormsbee et al., Plaintiffs-Appellants-Respondents,
v
Time Warner Realty Inc., Defendant, Richter & Ratner Contracting Corp. et al., Defendants-Respondents-Appellants.


Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York (Christopher J. DelliCarpini of counsel), for appellants-respondents.
Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered June 25, 2021, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on the Labor Law § 240(1) claim and the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-2.1(a)(1), and granted defendants Richter & Ratner Contracting Corp. and Jazz at Lincoln Center, Inc.'s motion for summary judgment dismissing the Labor Law § 240(1) claim as against them and denied the motion as to the Labor Law § 241(6) claim predicated on Industrial Code §§ 23-1.5(c)(3) and 23-6.1(b), unanimously affirmed, without costs.
Plaintiff John Ormsbee (plaintiff) was lifting the lid of a gang box at a construction site to retrieve tools and materials when the lid fell suddenly, causing injury to his shoulders, although the lid did not strike any part of his body.
Plaintiff's lifting of the lid of the gang box does not qualify as a covered activity under Labor Law § 240(1). There was no "significant risk inherent in [it] because of the relative elevation at which [it] [had to] be performed or at which materials or loads [had to] be positioned or secured" (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]). Plaintiff was standing at the same level as the gang box when the lid fell, and the lid did not strike him. The lifting of the lid posed the usual and ordinary dangers of a construction site (see generally Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500-501 [1993]).
Industrial Code (12 NYCRR) § 23-2.1(a)(1) is not applicable as a predicate for the Labor Law § 241(6) claim, since plaintiff's injury occurred in an open work area, not in a "passageway, hallway, stairway, or other thoroughfare" (see Guallpa v Leon D. DeMatteis Constr. Corp., 121 AD3d 416, 419 [1st Dept 2014]).
Industrial Code § 23-1.5(c)(3), which requires that all devices, safeguards, and equipment be kept in sound and operable condition and be repaired or replaced immediately if damaged, is applicable, since it is undisputed that the hydraulic pumps in the gang box that were intended to make opening and closing the lid easier were not functional at the time of plaintiff's accident.
Dismissal of the Labor Law § 241(6) claim predicated on a violation of Industrial Code § 23-6.1(b) was correctly denied, as defendants raised the argument for the first
time in their reply papers (see Castellano v Ann/Nassau Realty LLC, 199 AD3d 558, 559 [1st Dept 2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022