Cotroneo v Van Wagner Sign Erectors, LLC (2022 NY Slip Op 06161)

Cotroneo v Van Wagner Sign Erectors, LLC

2022 NY Slip Op 06161

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Acosta, P.J., Kapnick, Mazzarelli, González, Rodriguez, JJ. 

Index No. 162038/15 595393/16 595504/19 596052/20 Appeal No. 16604 Case No. 2021-03618 

[*1]Cosmo Cotroneo, Plaintiff-Appellant,
v
Van Wagner Sign Erectors, LLC, Now Known As Outfront Media Sign Erectors, LLC., et al., Defendants-Respondents.
Cross Management Corp., Third-Party Plaintiff,
v
Nead Electric of New Jersey, Inc., Third-Party Defendant-Respondent.
Van Wagner Sign Erectors, LLC, Now Known as Outfront Media Sign Erectors, LLC., Second Third-Party Plaintiff-Respondent,
v
Nead Electric of New Jersey, Inc., Second Third-Party Defendant-Respondent.
Vornado Realty Trust et al., Third Third-Party Plaintiffs-Respondents, Vornado Office, Inc., et al., Third Third-Party Plaintiffs,
v
Nead Electric of New Jersey, Inc., et al., Third Third-Party Defendants- Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Kristen A. Carroll of counsel), for Van Wagner Sign Erectors, LLC, Van Wagner Electrical and Maintenance, LLC, and Van Wagner Communications, LLC, respondents.
Milber Makris Plousadis & Seiden, LLP, Purchase (Otto Cheng of counsel), for Nead Electric, Inc. and Nead Electric of New Jersey, Inc., respondents.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Nicholas Napoli of counsel), for Vornado Realty Trust and One Penn Plaza, LLC, respondents.

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 20, 2021, which, insofar as appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the Labor Law § 240(1) claim and denied plaintiff's motion for summary judgment as to liability on the Labor Law §§ 240(1) and Labor Law 241(6) claims, unanimously modified, on the law, to grant plaintiff's motion for summary judgment as to liability on his Labor Law § 241(6) claim, and otherwise affirmed, without costs.
The court correctly granted defendants' motions for summary judgment dismissing the Labor Law § 240(1) claim. The gang box lid that fell on plaintiff was not a material that required hoisting or securing (see Narducci v Manhasset Bay Assoc.,96 NY2d 259, 268 [2001]; Blake v Brookfield Props. One WFC Co., LLC, 180 AD3d 422, 422-423 [1st Dept 2020], lv dismissed and denied 35 NY3d 1059 [2020]). The struts of the gang box, which were missing, did not constitute a safety device contemplated by the statute because they were not meant to lessen a gravity-related risk related to the securing of a large load or the hoisting of construction materials (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662-663 [2014]; cf. Landi v SDS William St., LLC, 146 AD3d 33, 38 [1st Dept 2016] [Labor Law § 240(1) applicable where plaintiff was injured when, while using a jack to carry a heavy load down a ramp, the jack break failed and the jack hydroplaned and rolled over plaintiff's foot; the jack itself was a covered safety device]). Therefore, the gang box lid did not fit within Labor Law § 240(1)'s parameters, but instead constituted a routine workplace risk (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 603-604 [2009]; Ormsbee v Time Warner Realty Inc., 203 AD3d 630, 631 [1st Dept 2022]).
However, plaintiff established entitlement to summary judgment on the Labor Law § 241(6) claim. Plaintiff made out a prima facie case of liability on the claim through deposition testimony establishing that the struts were missing and through the affidavit of his expert, which established that the struts were safety devices to ensure that the lid opened slowly and stayed open. Plaintiff was not required to show freedom from comparative negligence in order to be entitled to summary judgment on liability (see Rodriguez v City of New York, 31 NY3d 312, 324-325 [2018]). In any event, defendants failed to raise an issue of fact as to whether plaintiff was responsible for damaging the struts by ordering the workers to drill out the locks. Defendants' theory is based in speculation and is unsupported by anything in the record indicating that drilling out the locks could affect the struts, which were located in a different part of the gang box and which plaintiff testified were simply missing, not damaged (see Ortega-Estrada v 215-219 W. 145th St. LLC, 118 AD3d 614, 615 [1st Dept 2014]; Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409 [1st Dept 2013]).[*2]
To the extent the Van Wagner/Outfront defendants contend they are not proper Labor Law defendants, the record demonstrates that they were retained by defendant Vornado Realty Trust, the owner's manager, to act as general contractor on the project, and were agents of the owner with authority to retain plaintiff's employer as a subcontractor and to obtain work permits (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 318 [1981]; see also Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022