Diaz v P&K Contr., Inc. (2024 NY Slip Op 00454)

Diaz v P&K Contr., Inc.

2024 NY Slip Op 00454

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Manzanet-Daniels, J.P., Kern, Rosado, O'Neill Levy, JJ. 

Index No. 32673/19 Appeal No. 1578 Case No. 2022-01917 

[*1]Dorian Diaz, Plaintiff-Respondent-Appellant,
v
P&K Contracting, Inc., Defendant-Appellant-Respondent, TDX Construction Corporation, Defendant-Respondent. [A Third-Party Action]
P&K Contracting, Inc., Second Third-Party Plaintiff-Appellant-Respondent,
v
Steel Construction, LLC, Second Third-Party Defendant- Respondent.

Perry, Van Etten, Rozanski & Kutner, LLP, New York (Jessica J. Beauvais of counsel), for appellant-respondent.
Joshua Annenberg, New York, for respondent-appellant.
Morris Duffy Alonso Faley & Pitcoff, New York (Ira E. Goldstein, Kevin G. Faley and Iryna S. Krauchanka of counsel), for TDX Construction Corporation, respondent.
Scahill Law Group P.C., Bethpage (Keri A. Wehrheim of counsel), for Steel Construction, LLC, respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 22, 2022, which, insofar as appealed from, granted defendant TDX Construction Corporation's motion for summary judgment dismissing the complaint as against it, granted P&K Contracting, Inc.'s motion for summary judgment to the extent of dismissing the Labor Law §§ 200, 241(6), as predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.7(f), 23-2.1(a)(1) and 23-2.3(c), and common-law negligence causes of action as against it, and denied P&K's motion to the extent it sought summary judgment on its common-law indemnification and contribution causes of action against third-party defendant Steel Construction, LLC, unanimously affirmed, without costs.
Supreme Court properly concluded that TDX, the construction manager on this project, was not a statutory agent conferring liability under the Labor Law, as TDX did not have sufficient supervisory control over the work being performed when plaintiff was allegedly injured (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]). TDX sustained its burden of demonstrating lack of sufficient authority to supervise or control the injury-causing work through documentary evidence that such authority was specifically withheld by the terms of the contract between the owner and TDX (see Bateman v Walbridge Aldinger Co., 299 AD2d 834, 835 [4th Dept 2002], lv denied 100 NY2d 502 [2003]; see also Mendriski v New York City Hous. Auth., 189 AD3d 410, 411 [1st Dept 2020]; Rodriguez v JMB Architecture, LLC, 82 AD3d 949, 950-951 [2d Dept 2011]; Delahaye v Saint Anns School, 40 AD3d 679, 683 [2d Dept 2007]; cf. Lind v Tishman Constr. Corp. of N.Y., 180 AD3d 505, 505 [1st Dept 2020]). Additionally, TDX submitted testimonial evidence of the general supervisory responsibilities that it did assume and which it performed, and such general supervisory tasks were insufficient to impose liability (see Mendriski, 189 AD3d at 411; Rodriguez, 82 AD3d at 951). In opposition, plaintiff and P&K failed to raise a triable issue of fact as to whether the duties that TDX assumed and performed provided it sufficient authority to control the activity which brought about plaintiff's injury (Rodriquez, 82 AD3dat 951; cf. Moore v URS Corp., 209 AD3d 438, 439 [1st Dept 2022]).
Supreme Court also properly granted summary judgment dismissing plaintiff's Labor Law § 241(6) cause of action, premised on defendants' alleged violations of Industrial Code (12 NYCRR) §§ 23-1.7(f), 23-2.1(a)(1) and 23-2.3(c). Accepting the version of events set forth by plaintiff, Industrial Code § 23-1.7(f) would be inapplicable to the facts of this case, as plaintiff has not alleged, and the record does not support, a claim that he was injured due to the failure to provide a safe stairway, ramp, or runway as a means of accessing different working levels. In any event, we find that the pile of materials was not a working level above ground requiring a stairway, ramp, or runway (see Ramones [*2]v 425 Country Rd., LLC, 217 AD3d 977, 980 [2d Dept 2023]; Brownell v Blue Seal Feeds, Inc, 89 AD3d 1425, 1427 [4th Dept 2011]). Industrial Code § 23-2.1(a)(1) is likewise inapplicable to this case. That provision concerns storage of materials, yet at the time of his alleged injury plaintiff was unloading the materials in question from a flatbed truck, to be used in shed construction (see Waitkus v Metropolitan Hous. Partners, 50 AD3d 260, 260 [1st Dept 2008]; McLaughlin v Malone & Tate Bldrs., Inc., 13 AD3d 859, 861 [3d Dept 2004]). Additionally, the materials were not alleged to be obstructing a passageway (Guallpa v Leon D. DeMatteis Constr. Corp., 121 AD3d 416, 419 [1st Dept 2014]; Waitkus, 50 AD3d at 260). We have considered and rejected plaintiff's argument that Industrial Code § 23-2.1(a)(1) may be applicable regardless of whether the materials in question are being stored or whether they are obstructing a passageway. Finally, we find that Industrial Code § 23-2.3(c) is inapplicable, as there were no allegations that the materials which allegedly shifted and caused plaintiff to fall were being hoisted at the time.
Supreme Court also properly granted both TDX and P&K's motions for summary judgment to the extent they sought dismissal of plaintiff's Labor Law § 200 cause of action. Both parties established that they only had general supervisory authority over this particular worksite and did not control the manner in which the injury-producing work was being performed (see Mendriski, 189 AD3d at 410-411; Villanueva v 114 Fifth Ave. Assoc. LLC, 162 AD3d 404, 406 [1st Dept 2018]; Hughes v Tishman Constr. Corp., 40 AD3d 305, 306, 309 [1st Dept 2007]). In opposition, plaintiff failed to raise a triable issue of fact as to whether either defendant exercised such control.
As for the denial of P&K's motion for summary judgement seeking common-law indemnification against Steel Construction, we find that Supreme Court properly denied the motion at this juncture (see Stewart Tit. Ins. Co. v New York Tit. Research Corp., 178 AD3d 618, 619 [1st Dept 2019]; Brockman v Cirpriani Wall St., 96 AD3d 576, 577 [1st Dept 2012]). We note that P&K does not specifically request a conditional summary judgment order.
While third-party defendant Steel Construction asks for relief from this Court, it has not filed a notice of appeal or moved for leave to appeal from any award of sua sponte relief (see Hecht v City of New York, 60 NY2d 57, 63-64 [1983]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024