**Argueta v 39 W 23RD St. LLC**

2024 NY Slip Op 30598(U)

February 26, 2024

Supreme Court, New York County

Docket Number: Index No. 162456/2019

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. PAUL A. GOETZ** | PART **47** |
| *Justice* | |

--------------------------------------------------------------------------------X

OSCAR DANILO VIGIL ARGUETA,

                     Plaintiff,

            - v -

39 W 23RD STREET LLC, PIZZAROTTI LLC,

                   Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 162456/2019 |
| MOTION DATE | 10/30/2023, 10/27/2023 |
| MOTION SEQ. NO. | 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 102, 104, 105

were read on this motion to/for       SUMMARY JUDGMENT (AFTER JOINDER)   .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 98, 99, 100, 101, 103

were read on this motion to/for          JUDGMENT - SUMMARY     .

In this Labor Law personal injury action, plaintiff moves for summary judgment on his Labor Law § 240(1) claim, and defendants move for summary judgment dismissing plaintiff's complaint, including his causes of action under Labor Law §§ 200, 240(1), and 241(6).

## BACKGROUND

On November 7, 2017, defendant 39 W 23rd Street LLC, owner of the property located at 39 W 23rd Street, New York, NY 10010 (premises), hired Pizzarotti LLC as the general contractor for a project to construct two residential buildings on the premises (NYSCEF Doc No 91). Pizzarotti LLC thereafter hired Moore Group Corporation (Moore Group), plaintiff's employer, as a subcontractor on the project (NYSCEF Doc No 92). Plaintiff testified that he "did not relate with anyone else, only with [Moore Group]" (NYSCEF Doc No 70, 46:9-14), and that his work was directed by a foreman who was also employed by Moore Group (*id.* at 45:27-14).

[* 1]

On September 12, 2019, plaintiff and his coworkers were directed to place about 20 jacks—metal posts, each approximately 150 pounds and 9-11 feet tall—into carts, and to then push the carts outside (NYSCEF Doc No 87, 43:24-44:4, 48:5-12). There, they would tighten the screws on top of each post so that they would not become loose in transit (*id.*, 60:13-25). Another group of workers, also employed by Moore Group, would then load the jacks into a trailer parked on the street (*id.*, 44:4-5, 56:2-12). Plaintiff and his coworkers made this trip several times without incident, but upon arriving at the trailer for the last time before his accident, six jacks from the last drop-off had not yet been packed away, and were instead standing upright, leaning against the trailer (*id.*, 58:5-59:23). Plaintiff, with his back turned towards the trailer, began tightening the screws on the posts he had just carted over (*id.*, 64:19-25). While he focused his attention on this, one of the posts that had been leaning against the trailer slid sideways and fell on plaintiff's back, causing injury (*id.*, 65:23-66:18).

Plaintiff now moves for summary judgment on his Labor Law § 240(1) claim against defendants on the grounds that the equipment was not properly secured to protect against the risk it presented as a falling object (NYSCEF Doc No 97). Defendants oppose, arguing that, as indicated by the fact that the base of the post was on ground level, plaintiff's accident was not the result of an elevation differential as contemplated under the statute (NYSCEF Doc No 105). Defendants also move for summary judgment dismissing the complaint altogether on the additional grounds that they did not control the means and methods of plaintiff's work such that they may be liable under Labor Law § 200, and that plaintiff failed to base his Labor Law § 241 claim on an applicable Industrial Code violation.

[* 2]

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-54 [1st Dept 2010]).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-11 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co. LLC*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

Labor Law § 200

Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Singh v Black*

*Diamonds LLC*, 24 AD3d 138, 139 [1st Dept 2005], citing *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). Specifically, it provides that "[a]ll places to which this chapter applies shall be so constructed, equipped, arranged, operated, and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places" (Labor Law § 200). "In order to prevail on such a claim against an owner or general contractor, a plaintiff must prove that the party so charged had authority or control over" the performance of the plaintiff's work (*O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225, 226 [1st Dept 2006]). Moreover, "the proponent of a Labor Law § 200 claim must demonstrate that the defendant had actual or constructive notice of the allegedly unsafe condition that caused the accident," and such notice "must call attention to the specific defect or hazardous condition and its specific location" (*Mitchell v N.Y. Univ.*, 12 AD3d 200, 201 [1st Dept 2004]).

Defendants have demonstrated their entitlement to judgment as a matter of law as to this cause of action. As plaintiff himself stated with reference to his employer, he "did not relate with anyone else, only with the company" (NYSCEF Doc No 70, 46:9-14). His work on the day of his accident, and on every other workday, was directed by a foreman who was also employed by Moore Group (*id.* at 45:27-14). Furthermore, plaintiff testified that the dangerous condition was created by his own coworkers (*id.* at 56:2-12), and he did not indicate that defendants had notice of it. Since plaintiff does not raise an issue of fact as to defendants' liability under Labor Law § 200 (NYSCEF Doc No 101 ["Plaintiff takes no position with respect to the motion insofar as it seeks relief on the Labor Law § 200 cause of action"]), this portion of defendant's motion will be granted. Accordingly, defendants' motion for summary judgment on plaintiff's Labor Law § 200 claim will be granted, and this claim will be dismissed.

[* 4]

Labor Law § 240(1)

Labor Law § 240, known as New York's "Scaffold Law," imposes a non-delegable duty on "[a]ll contractors and owners and their agents [to] furnish or erect . . . braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." (Labor Law § 240[1]). "To prevail on a Labor Law § 240 (1) claim, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of the injury" (*Cutaia v Bd. of Mgrs. of the 160/170 Varick St. Condo.*, 38 NY3d 1037, 1042-43 [2022]). The protections of this section "do not encompass any and all perils that may be connected in some tangential way with the effects of gravity" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). Rather, the injury must be "attributable to the kind of extraordinary elevation-related risk that the statute was intended to guard against" (*Sihly v New York City Tr. Auth.*, 282 AD2d 337 [2001]).

Defendant argues that plaintiff is not entitled to recovery under Labor Law § 240(1) because the base of the jack was on ground level, same as plaintiff, and therefore there was no elevation-related risk. However, "where a worker sustains an injury caused by a falling object whose base stands at the same level as the worker . . . such a circumstance does not categorically bar the worker from recovery under section 240(1)" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 5 [2011]). The facts of this action closely align with those of *Ruiz v Phipps Houses*, 216 AD3d 522 [1st Dept 2023], wherein the plaintiff was injured when an unsecured scaffolding pole—which was approximately 80-100 pounds and 10-14 feet tall—fell from an upright position and struck plaintiff (*id.* at 522).[1] The Court there held that "[p]laintiff

---

[1] As plaintiff notes, defendants' attempt to distinguish this case on the grounds that it "involved scaffolding" fails; that the pole was a component of a scaffolding structure, as opposed to any other piece of equipment, is irrelevant.

**162456/2019   VIGIL ARGUETA, OSCAR DANILO vs. 39 W 23RD STREET LLC**   **Page 5 of 8**
**Motion No.  003 004**

established his prima facie entitlement to summary judgment on liability on his Labor Law §

240(1) cause of action, as the evidence shows that his injuries were caused by defendant's failure

to secure the scaffolding pole to keep it from falling and flowed directly from the application of

the force of gravity to the pole" (*id.* [also noting that "the pole was made of iron and was able to

generate a large amount of force during its descent"]). Plaintiff has accomplished the same here

by demonstrating that the unsecured condition of the jack, combined with gravity, was the cause

of his injury.

Again, as in *Ruiz*, "[i]n opposition, defendants failed to submit evidence raising a triable

issue of fact regarding whether § 240(1) entitled plaintiff to damages for his injuries" (*id.*). Their

one submission, an attorney affirmation, was used solely to argue that the positioning of the

poles as described by plaintiff did not constitute an elevation-related risk (NYSCEF Doc No

105). Accordingly, since defendants failed to raise a material issue of fact, plaintiff's motion for

summary judgment on his Labor Law § 240(1) claim will be granted, and the portion of

defendants' motion seeking dismissal of this claim will be denied.

Labor Law § 241(6)

Labor Law § 241(6) provides, in relevant part: "All areas in which construction,

excavation or demolition work is being performed shall be so constructed, shored, equipped,

guarded, arranged, operated and conducted as to provide reasonable and adequate protection and

safety to the persons employed therein or lawfully frequenting such places." A Labor Law § 241

claim must be rooted in an alleged violation of a specific standard of conduct under the Industrial

Code (*Toussaint v Port Auth. of N.Y.*, 38 NY3d 89, 94 [2022]). On a motion for summary

judgment, a defendant must make a prima facie showing that a violation of the Industrial Code

**162456/2019   VIGIL ARGUETA, OSCAR DANILO vs. 39 W 23RD STREET LLC**                                        **Page 6 of 8**
**Motion No.  003 004**

[* 6]

did not cause the plaintiff's accident (*Rodriguez v Dormitory Auth. of the State of N.Y.*, 104 AD3d 529, 529 [1st Dept 2013]).

Defendants challenge the applicability of each section of the Industrial Code that plaintiff alleges was violated (NYSCEF Doc No 60). Plaintiff only addressed Industrial Code § 23-2.1(a)(1) (NYSCEF Doc No 101), which provides that "[a]ll building materials shall be stored in a safe and orderly manner," and that "[m]aterial piles shall be stable under all conditions and so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare." Defendants argue that this section is simply inapplicable because plaintiff's accident did not involve stored material and did not occur in a passageway (NYSCEF Doc Nos 60, 103). Plaintiff responds that the site safety manager, Mr. Asaro, wrote that "[t]he accident is a result of improperly placed material" and that he advised Moore Group to retrain its workers "in proper material storage and handling" (NYSCEF Doc No 101).

Defendants are correct that "Industrial Code (12 NYCRR) § 23-2.1(a)(1) is not applicable as a predicate for the Labor Law § 241(6) claim, since plaintiff's injury occurred in an open work area, not in a passageway, hallway, stairway, or other thoroughfare" (*Ormsbee v Time Warner Realty Inc.*, 203 AD3d 630, 631 [1st Dept 2022] [internal quotations omitted]; *Kuylen v KPP 107th St., LLC*, 203 AD3d 465, 465-66 [1st Dept 2022]; *Guallpa v Leon D. DeMatteis Constr. Corp.*, 121 AD3d 416, 419 [1st Dept 2014]). Moreover, the jacks "were not in storage but rather were being [loaded] at the time of the alleged incident" (*Waitkus v Metropolitan Hous. Partners*, 50 AD3d 260, 260 [1st Dept 2008], citing *McLaughlin v Malone & Tate Builders, Inc.*, 13 AD3d 859, 861 [3d Dept 2004] ["we do not view the stacking of the blocks here as a matter of storage. As noted, they were being incorporated, on the day in question, into the work of the masons and, as they were used, they were replenished"]; *Diaz v P&K Contr., Inc.*, 2024 NY Slip Op 00454,

[* 7]

*2 [1st Dept 2024] ["That provision concerns storage of materials, yet at the time of his alleged injury plaintiff was unloading the materials in question from a flatbed truck, to be used in shed construction"]). Defendants have thus established that plaintiff's claim is not rooted in any Industrial Code violation, and plaintiff has failed to raise a triable issue of fact as to whether the metal posts were being "stored" or whether the accident occurred in a "passageway" within the meaning of 12 NYCRR § 23-2.1(a)(1). Accordingly, that portion of defendants' motion seeking summary judgment dismissing plaintiff's Labor Law § 241(6) claim will be granted.

## CONCLUSION

Accordingly, it is

ORDERED that plaintiff's motion for summary judgment on his Labor Law § 240(1) claim (MS #3) is granted, and the part of defendants' motion seeking dismissal of this claim (MS #4) is denied, and it is further

ORDERED that the defendants' motion for summary judgment (MS #4) is granted to the extent that plaintiff's Labor Law §§ 200 and 241(6) claims are dismissed.

20240226164639PGOETZ10EE29255A84048211A1B5BCBDC46E1B67

| **2/26/2024** | | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | | |
| **CHECK ONE:** | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | | |
| | | GRANTED | | DENIED | **X** | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |