Ragoo v Port Auth. of N.Y. & N.J. (2024 NY Slip Op 01882)

Ragoo v Port Auth. of N.Y. & N.J.

2024 NY Slip Op 01882

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Kern, J.P., Singh, González, Pitt-Burke, Rosado, JJ. 

Index No. 151221/17, 595905/18 Appeal No. 1984 Case No. 2023-00966 

[*1]Lochan Ragoo, Plaintiff-Appellant,
v
Port Authority of New York and New Jersey, et al., Defendants-Respondents.
Port Authority of New York and New Jersey, et al., Third-Party Plaintiffs-Respondents,
v
Unity Electric Co., Inc., et al., Third-Party Defendants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered March 2, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 241(6) premised upon a violation of Industrial Code (12 NYCRR) § 23-1.7(e)(1), unanimously affirmed, without costs.
The motion court properly found that issues of fact exist as to whether it was necessary for plaintiff to traverse the area where he tripped and fell on debris so as to preclude summary judgment (Smith v McClier Corp., 22 AD3d 369, 370 [1st Dept 2005]). Plaintiff testified that he used the passageway to speak with a truck driver about the concrete delivery taking place that day. His supervisor, Dave Mellett, testified that, although plaintiff had not been specifically instructed not to enter the area where he fell, the subcontractors were given a very specific route to follow to and from the jobsite, and there was no reason for plaintiff to be in that area, which was monitored by a security guard and generally required an escort to pass through.
The conflicting deposition testimony as to whether the area where plaintiff's accident occurred was off limits or routinely used by subcontractors to access the jobsite was sufficient to create an issue of fact as to defendants' liability (see Venezia v LTS 711 11th Ave., 201 AD3d 493, 495 [1st Dept 2022]; see also Rossi v Mount Vernon Hosp., 265 AD2d 542, 542-43 [2d Dept 1999]). Given that triable issues of fact exist as to defendants' liability, plaintiff's argument regarding comparative negligence is unavailing (cf. Controneo v Van Wagner Sign Erectors, LLC, 210 AD3d 421, 422 [1st Dept 2022]).
To the extent defendants contend that the site of plaintiff's accident was not a passageway as contemplated by 12 NYCRR 23-1.7(e)(1), this issue is not properly before us as defendants did not appeal from the motion court's denial of their motions for
summary judgment dismissing the complaint as against them (see Hecht v City of New York, 60 NY2d 57, 61 [1983]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024