Kalaf v PSEG Long Is. LLC (2024 NY Slip Op 05638)

Kalaf v PSEG Long Is. LLC

2024 NY Slip Op 05638

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, Scarpulla, JJ. 

Index No. 155600/19, 595215/20 Appeal No. 3018 Case No. 2023-03177 

[*1]Edward Kalaf, Plaintiff-Respondent,
v
PSEG Long Island LLC et al., Defendants-Appellants.
Wilson Construction Co., Third-Party Plaintiff-Appellant,
v
JNR Equipment & Erosion Services, Third-Party Defendant-Respondent.

Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Edward Kalaf, respondent.
Milber Makris Plousadis & Seiden LLP, Purchase (Otto Cheng of counsel), for JNR Equipment & Erosion Services, respondent.

Order, Supreme Court, New York County (James d'Auguste, J.), entered June 29, 2023, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the Labor Law § 241(6) and common-law negligence claims and on their common-law indemnification claim against third-party defendant JNR Equipment & Erosion Services (JNR), unanimously affirmed, without costs.
Plaintiff worked for JNR in connection with a project involving replacing utility lines for defendant PSEGLI. At the time of plaintiff's accident, plaintiff's assignment was to fill holes, which had been made by the removal of wooden utility posts, with mulch, using a truck and a bark blower machine. On the day of the accident, the metal blades in the bark blower machine's auger were frozen. Plaintiff was injured while attempting to remove ice from the bark blower machine when his hand got caught in the blades of the auger.
The court properly denied defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim, as defendants failed to establish that plaintiff was not a covered worker under the statute. The evidence shows that plaintiff traveled to the site of his accident for the purpose of continuing work he had previously been engaged in performing, and defendants have not established that plaintiff's work of filling holes following defendants removal of the wooden utility posts is not covered under the statute (see e.g. Mejia v Unique Dev. Holding Corp, 188 AD3d 574, 575 [1st Dept 2020]; Rutkowski v New York Convention Ctr. Dev. Corp., 146 AD3d 686, 686 [1st Dept 2017]). Further, defendants have not established that the area appurtenant to the substation was not a covered location, insofar as plaintiff was readying JNR's equipment for additional work (see generally Karwowski v 1407 Broadway Real Estate, LLC, 160 AD3d 82, 86 [1st Dept 2018]).
Defendants also failed to establish that plaintiff was the sole proximate cause of his accident. There are issues of fact as to whether, among other things, plaintiff unintentionally stuck his hand into the bark blower machine after slipping on ice. Defendants also failed to show as a matter of law that plaintiff solely proximately caused his accident by disregarding safety guidelines. Plaintiff submitted evidence showing that the machine's safety features were defective in allowing the auger to rotate while the back door was open. If plaintiff prevails on that issue, his act of chipping ice out of the machine, as instructed, would at most amount to comparative negligence (see Cotroneo v Van Wagner Sign Erectors, LLC, 210 AD3d 421, 422 [1st Dept 2022]).
Moreover, defendants have not established their lack of notice as to any dangerous condition causing the accident, including the possibly icy condition of the ground. Therefore, the court also properly declined to dismiss the common-law negligence claim or grant common-law indemnification against JNR (see e.g. Lapinsky v Extell Dev[*2]. Co., 202 AD3d 478, 480 [1st Dept 2022]; Maggio v 24 W. 57 APF, LLC, 134 AD3d 621, 626 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024