Lackenbauer v 162 Fifth Ave. Assoc. LLC (2026 NY Slip Op 01463)

Lackenbauer v 162 Fifth Ave. Assoc. LLC

2026 NY Slip Op 01463

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Chan, Hagler, JJ. 

Index No. 161333/18|Appeal No. 6090|Case No. 2025-01520|

[*1]Eric Lackenbauer, Plaintiff-Respondent,
v162 Fifth Avenue Associates LLC et al., Defendants-Appellants, Inscape (New York) Inc. et al., Respondents. [And Third-Party Actions]

The Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for L&K Partners, Inc., appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.) entered on or about March 7, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability on his Labor Law § 241(6) claim premised on Industrial Code (12 NYCRR) §§ 23-1.7(e)(2) and 23-2.1(a)(1) as against defendant L&K Partners, Inc. and for dismissal of L&K's affirmative defenses of sole proximate cause and culpable conduct, unanimously modified, on the law, to deny the motion to the extent it sought summary judgment on liability on so much of the Labor Law § 241(6) claim as was premised on Industrial Code § 23-2.1(a)(1) and to the extent it sought dismissal of L&K's affirmative defense of culpable conduct, and otherwise affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on liability on his Labor Law § 241(6) claim insofar as that claim was predicated on Industrial Code § 23-1.7(e)(2). Plaintiff testified that it was impossible for him to access his work materials without entering an area, which contained a "messy pile" of materials that caused him to trip and fall. Because plaintiff was required to traverse the area to access working materials, that area was considered "a working area" for the purposes of Industrial Code § 23-1.7(e)(2) (see Gonzales v G. Fazio Constr. Co., Inc., 176 AD3d 610, 611 [1st Dept 2019]; Canning v Barney's New York, 289 AD2d 32, 35 [1st Dept 2001]).
However, the court should not have granted summary judgment on liability on the Labor Law § 241(6) claim to the extent it was predicated on Industrial Code § 23-2.1(a)(1), as that provision applies only to accidents that occur in a passageway, walkway, stairway, or other thoroughfare (see Guallpa v Leon D. DeMatteis Constr. Corp., 121 AD3d 416, 419 [1st Dept 2014]). The record presents issues of fact as to whether the accident occurred in a passageway, and whether the pile of material that allegedly caused plaintiff to trip was composed of building material or was simply a pile of debris, the latter of which would not support liability under section 23-2.1(1)(1) (see Canning, 289 AD2d at 33-34).
Because we are affirming in part the grant of summary judgment on liability for a portion of plaintiff's Labor Law § 241(6) claim, L&K may not assert an affirmative defense that plaintiff was the sole proximate cause of his accident. However, Supreme Court should not have dismissed the affirmative defense of culpable conduct, as plaintiff's comparative negligence may offset damages for his Labor Law § 241(6) claim (see Rocovich v Consolidated Edison Co., 78 NY2d 509, 512 [1991]). Plaintiff testified that he was carrying molding materials that were up to eight feet long and up to four pounds each when he tried to pick up materials from a material pile, raising an issue of fact as to whether he was comparatively negligent in carrying materials while performing another task (see Gamez v Sandy Clarkson LLC, 221 AD3d 453, 455 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026