■ ROBERT JORDAN, Respondent, v CITY OF NEW YORK, Appellant. [3 NYS3d 605]—

Order, Supreme Court, Bronx County (Howard H. Sherman,

J.), entered May 29, 2013, which granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Defendant's argument that plaintiff failed to establish with admissible evidence how the accident happened, since the unsworn written statements by the workers who were doing the hoisting and witnessed the accident were inadmissible, is unpreserved, as it is improperly raised for the first time on appeal (*see Stier v One Bryant Park LLC*, 113 AD3d 551 [1st Dept 2014]). We decline to review it in the interest of justice.

The motion court properly rejected the City's argument that Labor Law § 240 (1) was inapplicable, because the rail that struck plaintiff did not fall from a "physically significant elevation differential." We agree with the motion court's finding that the pile of rails that were stacked two and one-half to three feet high was not de minimis, given the approximately 1,500 pound weight of the rail and "the amount of force it was capable of generating, even over the course of a relatively short descent" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 605 [2009]; *Kempisty v 246 Spring St., LLC*, 92 AD3d 474 [1st Dept 2012]; *Brown v VJB Constr. Corp.*, 50 AD3d 373, 376-377 [1st Dept 2008]). The harm plaintiff suffered was the direct consequence of the application of the force of gravity to the rail that struck plaintiff (*see Naughton v City of New York*, 94 AD3d 1, 8 [1st Dept 2012]).

"What is essential to a conclusion that an object requires securing is that it present a foreseeable elevation risk in light of the work being undertaken" (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 269 [1st Dept 2007], *lv denied* 10 NY3d 710 [2008]). It was foreseeable that during hoisting, a crane could strike the stacked pile of rails causing it to fall (*see Harris v 170 E. End Ave., LLC*, 71 AD3d 408, 409-410 [1st Dept 2010], *lv dismissed* 15 NY3d 911 [2010]), and therefore, the rail that struck plaintiff was an object that required securing for the purposes of the undertaking (*see Arnaud v 140 Edgecomb LLC*, 83 AD3d 507 [1st Dept 2011]). We are not persuaded by the City's contention that plaintiff failed to identify a necessary and expected safety device, as plaintiff demonstrated that the City could have used secure braces, stays, or even additional lines to stabilize the stacked rails (*cf. Guallpa v Leon D. DeMatteis Constr. Corp.* (121 AD3d 416 [1st Dept 2014] [plaintiff's claim dismissed where its tenor was that injury was caused by the absence or inadequacy of a safety device other than one contemplated by the statute]).

We have considered plaintiff's remaining contentions and

find them unavailing. Concur—Gonzalez, P.J., Acosta, Moskowitz, Richter and Feinman, JJ.