James Pettus, Plaintiff-Appellant,
against
Peter Yee, Defendant-Respondent. Plaintiff, as limited by his brief, from that portion of an order of the Small Claims Part of the Civil Court of the City of New York, Bronx County (Bianka Perez, J.), entered March 20, 2019, which granted defendant's motion to dismiss the action. Per Curiam. Order (Bianka Perez, J.), entered March 20, 2019, affirmed, without costs. We sustain the grant of defendant's motion to dismiss this small claims action, albeit for reasons slightly different than those stated by Civil Court. The instant action, like a prior Supreme Court action previously commenced by plaintiff, is based, in part, upon the determination of the cooperative and managing agent to credit shareholders in their monthly maintenance bill with a tax abatement and New York State School Tax relief refund (see Matter of Pettus v Board of Directors, 155 AD3d 485 [2017]). Under New York's transactional analysis approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Matter of Hunter, 4 NY3d 260, 269 [2005], quoting O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Plaintiff's remaining claims are similarly barred, since the doctrine of res judicata "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (Matter of Hunter, 4 NY3d at 269; see also Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]). That plaintiff now sues defendant Peter Yee, the managing agent's employee, does not alter this conclusion since the doctrine applies not only to the parties in a litigation but also "those in privity with them" (USB Sec. LLC v Highland Capital Mgt., L.P., 86 AD3d 469, 474 [2011]).




Plaintiff's present contentions concerning the constitutionality and applicability of CPLR 3211(a)(3) are unpreserved, improperly raised for the first time on appeal (see Jordan v City of New York, 126 AD3d 619 [2015]), and, in any event, lack merit.




Subsequent to the filing of this appeal, this court enjoined plaintiff from filing any papers in this court that have any relationship to, or connection with this matter, without prior leave of this court (see Pettus v Board of Directors, 2019 NY Slip Op 80526[U] [App Term, 1st Dept 2019]). This court now further enjoins plaintiff from filing any papers in this court without prior leave. Other courts have issued similar orders against plaintiff because of his repetitive and [*2]vexatious litigation (see e.g., Pettus v Board of Directors, 169 AD3d 524 [2019]; Matter of Pettus, 2018 NY Slip Op 78019[U] [1st Dept 2018]; Pettus v Board of Directors, Owners 800 Grand Concourse, 63 Misc 3d 133[A], 2019 NY Slip Op 50393[U] [App Term, 1st Dept 2019]; see also Pettus v Morgenthau, 554 F3d 293, 295 [2d Cir 2009]). 
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.


Clerk of the Court
Decision Date: October 25, 2019