Diaz v HHC TS Reit LLC (2021 NY Slip Op 02597)





Diaz v HHC TS Reit LLC


2021 NY Slip Op 02597


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Webber, J.P., Singh, González, Shulman, JJ. 


Index No. 300530/13 Appeal No. 13699 Case No. 2020-03363 

[*1]Rafael Diaz, Plaintiff-Respondent,
v
HHC TS Reit LLC, et al., Defendants-Respondents-Appellants.
HHC TS Reit LLC, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
SJ Electric, Inc., Third-Party Defendant-Appellant-Respondent.


Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for appellant-respondent.
Pillinger Miller Tarallo, New York (William R. Pirk of counsel), for respondents-appellants.
Edelman & Edelman, P.C., New York (Paul H. Maloney of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered on or about January 27, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and denied third-party defendant's (SJ Electric) cross motion for summary judgment dismissing the complaint and the third-party complaint, unanimously affirmed, without costs. Defendants' appeal unanimously dismissed, without costs, as abandoned.
Plaintiff, a concrete worker, was injured by metal conduit pipes that toppled onto his head and shoulders as he stood trying to pull a four-by-eight-foot plywood form out of a space between a scaffold and a large building support column. There is unrebutted evidence that the metal pipes, which were four inches in diameter and approximately 8 to 12 feet in length, were resting vertically, unsecured, against the column. Although plaintiff's work did not involve the pipes, and there is no evidence that the concrete workers or defendants had any knowledge of the presence of the pipes in the area, the record demonstrates conclusively that the pipes were not adequately secured for the purpose of the undertaking, as required by Labor Law § 240(1) (see Garcia v SMJ 210 W. 18 LLC, 178 AD3d 473 [1st Dept 2019]; see also Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1 [2011]).
Summary dismissal of the third-party complaint seeking contribution and common-law and contractual indemnification is precluded by issues of fact as to whether the pipes belonged to SJ Electric.
In view of our disposition of the Labor Law § 240(1) claim, SJ Electric's arguments in support of dismissing the Labor Law § 241(6) claim are academic.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021