Grigoryan v 108 Chambers St. Owner, LLC (2022 NY Slip Op 02620)

Grigoryan v 108 Chambers St. Owner, LLC

2022 NY Slip Op 02620

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Index No. 158572/17, 595470/18, 595569/18 Appeal No. 15765 Case No. 2021-01503 

[*1]Vitaliy Grigoryan et al., Plaintiffs-Appellants,
v
108 Chambers Street Owner, LLC, et al., Defendants-Respondents, Rightway Plumbing and Heating, Inc., et al., Defendants. [And Third-Party Actions.] 

Sullivan Papain Block McGrath Coffinas & Cannavo, New York (Brian J. Shoot of counsel), for appellants.
Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for respondents.

Order, Supreme Court, New York County (Alexander M. Tisch), entered March 29, 2021, which denied plaintiffs' motion for summary judgment on the issue of liability as against defendants 108 Chambers Street Owner, LLC and Ross & Associates, LLC (defendants) on the Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted.
Liability under Labor Law § 240(1) arises where a safety device of the kind enumerated in the statute either proved inadequate to shield against injury resulting directly from the application of the force of gravity to a person or object or where no safety device was provided to shield against such injury (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]). Here, plaintiff was injured when he and two coworkers were assigned to run conduits along the wall and ceiling of an approximately 8 by 10-foot fire pump room. As they were looking at the wall and ceiling and deciding how to proceed, plaintiff felt a sharp pain in his leg when a 3-to-4 foot tall, 300-500+ pound fire pump, which had been standing upright on the floor, on its narrower end and unsecured, fell on his leg. Where a load positioned on the same level as the injured worker falls a short distance, Labor Law § 240(1) applies if the load, due to its weight, is capable of generating significant force (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]). Here, the fire pump was required to be secured against tipping or falling and the failure to secure it was a violation of Labor Law § 240(1) (see Ali v Sloan-Kettering Inst. for Cancer Research, 176 AD3d 561 [1st Dept 2019]; Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 408-409 [1st Dept 2013]; McCallister v 200 Park, L.P., 92 AD3d 927, 928-929 [2d Dept 2012]; Runner, 13 NY3d at 604).
Contrary to defendants' contentions on appeal, it is irrelevant for purposes of Labor Law § 240(1) whether the object that should have been secured related to plaintiff's own work (see Diaz v HHC TS Reit LLC, 193 AD3d 640 [1st Dept 2021]). Similarly unavailing is their unforeseeability argument. The hazard plaintiff faced was
that the unsecured fire pump would topple over, which was a foreseeable harm that needed to be protected against (see Jordan v City of New York, 126 AD3d 619, 620 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022