Cazho v Urban Bldrs. Group, Inc. (2022 NY Slip Op 02943)

Cazho v Urban Bldrs. Group, Inc.

2022 NY Slip Op 02943

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 

Index No. 301329/13E Appeal No. 15853-15853A Case No. 2020-04032, 2020-04596 

[*1]Manuel Cazho et al., Plaintiffs-Respondents,
v
Urban Builders Group, Inc., Defendant-Appellant. [And Other Third-Party Actions.] 

Kiernan Trebach LLP, Garden City (Afaf Faye Sulieman of counsel), for appellant.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondents.

Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered on or about September 17, 2020, which granted plaintiffs' motion for partial summary judgment as to liability on their Labor Law § 240(1) claim, and order, same court and Justice, entered October 15, 2021, which, to the extent appealed from, denied Urban's motion for summary judgment dismissing the Labor Law § 240(1) claim, unanimously affirmed, without costs.
While working on the roof of a residential building during a renovation project, plaintiff Manuel Cazho fell through an opening while moving a skylight cover with a coworker. Plaintiffs established their prima facie entitlement to summary judgment on their Labor Law § 240(1) claim by submitting evidence showing that defendant failed to provide any safety device or equipment to afford plaintiff proper protection from such an elevation-related hazard (see Angamarca v New York City Partnership Hous. Dev. Fund Co., Inc., 56 AD3d 264, 265 [1st Dept 2008]; Kielar v Metropolitan Museum of Art, 55 AD3d 456, 458 [1st Dept 2008]). Plaintiffs were not required to submit any expert testimony concerning the required safety device (see Rubio v New York Proton Mgt., LLC, 192 AD3d 438, 439 [1st Dept 2021]; Ortega v City of New York, 95 AD3d 125, 128 [1st Dept 2012]).
Defendant failed to submit evidence sufficient to raise an issue of fact as to whether Cazho's actions were the sole proximate cause of the accident. Cazho was following the directions of his supervisor to move the skylight cover when he walked into the opening and fell. "[T]he Labor Law does not require a plaintiff to have acted in a manner that is completely free from negligence. It is absolutely clear that if a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it" (Kielar v Metropolitan Museum of Art, 55 AD3d 456, 458 [1st Dept 2008] [internal quotations and citations omitted]).
In light of the foregoing, the issue of Labor Law § 241(6) is academic (see Jerez v
Tishman Constr. Corp. of N.Y., 118 AD3d 617 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022