Tinti v Alpha Omega Bldg. & Consulting Corp. (2022 NY Slip Op 05299)

Tinti v Alpha Omega Bldg. & Consulting Corp.

2022 NY Slip Op 05299

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Index No. 20995/17E Appeal No. 16277 Case No. 2021-04453 

[*1]Maximiliano Quiel Tinti, Plaintiff-Respondent,
v
Alpha Omega Building and Consulting Corp., Defendant, PMG 23-10 QPS LLC, et al., Defendants-Appellants. (And a Third-Party Action.)

Litchfield Cavo LLP, New York (Lyndsey Bechtel of counsel), for appellants.
Fellows, Hymowitz & Rice, P.C., New City (Matthew F. Rice of counsel), for respondent.

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about May 18, 2021, which granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim as against defendant QPS 23-10 Development LLC, unanimously affirmed, without costs.
Plaintiff sustained injuries when a 10-foot section of a 6-inch diameter hose used to pour concrete fell from 10 feet above and struck him. A certified incident report indicated that the hose had been placed on a wooden guardrail of the garage ramp above, where concrete was being poured, and that the hose fell when the guardrail collapsed under its weight.
Plaintiff established prima facie his entitlement to summary judgment on the Labor Law § 240(1) claim by submitting evidence showing that the hose fell due to it being positioned on a wooden guardrail which collapsed under the weight of the hose, and an expert affidavit concluding that the hose had not been adequately secured for purposes of the undertaking (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268 [2001]; Diaz v HHC TS Reit LLC, 193 AD3d 640 [1st Dept 2021]). In opposition, defendants-appellants failed to raise a triable issue of fact.
In view of the foregoing, and contrary to defendants-appellants' contention, we need not remand the matter to address the remaining Labor Law claims (see Jerez v Tishman Constr. Corp. of N.Y., 118 AD3d 617, 617 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022