Macaulay v New Line Structures & Dev. LLC (2024 NY Slip Op 05284)

Macaulay v New Line Structures & Dev. LLC

2024 NY Slip Op 05284

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Kern, J.P., Moulton, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 154509/21 Appeal No. 2898 Case No. 2024-02787 

[*1]Matthew Macaulay, Plaintiff-Appellant,
v
New Line Structures & Development LLC, et al., Defendants-Respondents.

Gallagher, P.C., New York (Douglas Langholz of counsel), for appellant.
Goldberg Segalla, LLP, White Plains (William T. O'Connell of counsel), for respondents.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered April 19, 2024, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff made a prima facie showing that his accident, in which he was struck on the head when an unsecured heavy metal panel being removed from a louver broke free and fell, was proximately caused by a failure to provide him with safety devices offering adequate protection from gravity-related hazards (see Spero v 3781 Broadway, LLC, 214 AD3d 546, 547 [1st Dept 2023]). Plaintiff's expert demonstrated that the panel "required securing for the purposes of the undertaking" (Outar v City of New York, 5 NY3d 731, 732 [2005]), and that statutorily enumerated safety devices could have prevented the accident (see Aramburu v Midtown W. B, LLC, 126 AD3d 498, 499-500 [1st Dept 2015]).
Both plaintiff and defendant's witness testified that the panel was about four feet wide and eight feet tall, and plaintiff and his coworker estimated that it weighed between 150 and 200 pounds. Thus, plaintiff was exposed to an elevation-related hazard covered by Labor Law § 240(1) that was not de minimis (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]; Diaz v HHC TS Reit LLC, 193 AD3d 640, 641 [1st Dept 2021]; Cardenas v One State St., LLC, 68 AD3d 436, 437 [1st Dept 2009]). The fact that plaintiff or his co-workers were removing or prying loose the panel when it fell does not mean that the accident was not gravity-related or render the protections of section 240(1) inapplicable, because plaintiff showed that the "type of work being performed . . . involved a load that required securing" (Diaz v Raveh Realty, LLC, 182 AD3d 515, 516 [1st Dept 2020]). Any discrepancies between plaintiff's sworn testimony and the statements attributed to him in incident report forms are insufficient to create an issue of fact where it is undisputed that plaintiff was injured when an unsecured panel fell onto his head (see Bartley v 76 Eleventh Ave. Prop. Owner LLC, 226 AD3d 528, 529 [1st Dept 2024]; Cashbamba v 1056 Bedford LLC, 168 AD3d 638, 639 [1st Dept 2019]).
In opposition, defendants failed to raise an issue of fact. Defendants did not submit any evidence to rebut the opinion of plaintiff's expert or to demonstrate that the
presence of a safety device would have defeated the task of removing the panels (see Rutkowski v New York Convention Ctr. Dev. Corp., 146 AD3d 686, 686 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024