Argueta v 39 W 23rd St. LLC (2025 NY Slip Op 01767)

Argueta v 39 W 23rd St. LLC

2025 NY Slip Op 01767

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Index No. 162456/19|Appeal No. 3967|Case No. 2024-01586|

[*1]Oscar Danilo Vigil Argueta, Respondent,
v
39 W 23rd Street LLC et al., Appellants, Moore Group Corporation, Defendant. (And a Third-Party Action.)

Brody Law Group, PLLC, New York (Magdalene P. Skountzos of counsel), for appellants.
Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered February 27, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) claim as against defendants 39 W 23rd Street LLC and Pizzarotti LLC, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on liability on his Labor Law § 240(1) cause of action by testifying that a metal post, which was 9 to 11 feet long and weighed approximately 150 pounds, was leaning against a truck and fell on him as he was kneeling to adjust other posts (see Torres-Quito v 1711 LLC, 227 AD3d 113, 117 [1st Dept 2024]). Given the weight and length of the post and the distance it fell, this testimony established that plaintiff was exposed to an elevation-related risk (see Ruiz v Phipps Houses, 216 AD3d 522, 522 [1st Dept 2023]).
In opposition, defendants failed to submit evidence raising a triable issue of fact sufficient t0 defeat summary judgment on liability in plaintiff's favor. Defendant relies upon statements in the site manager's accident report that the post weighed between 30 to 50 pounds. These unsworn statements, which were hearsay and were offered for their truth, did not raise an issue of fact (see Nucci v Proper, 95 NY2d 597, 602 [2001]; Garcia v 122-130 E. 23rd St. LLC, 220 AD3d 463, 464-465 [1st Dept 2024]). Regardless of whether the post weighed 30, 50, or 150 pounds, the fact remains that the pole fell on plaintiff and the elevation differential involved cannot be described as de minimis (see Diaz v HHC TS Reit LLC, 193 AD3d 640, 641 [1st Dept 2021]; Demetrio v Clune Constr. Co., L.P., 176 AD3d 621, 622 [1st Dept 2019]).
Plaintiff also established that the failure to secure the post with an adequate safety device was a proximate cause of his injuries (see Douglas v Tishman Constr. Corp., 205 AD3d 570, 571 [1st Dept 2022]). In opposition, defendants failed to establish that the posts were purposely not tied off because they were in the process of being loaded onto the truck, as they did not submit any evidence to support this assertion (cf. Wilinski v 334 E. 92 Hous. Dev. Fund Corp., 18 NY3d 1, 11 [2011]). Furthermore, plaintiff was not required to submit any expert testimony concerning what safety device
was required (see Cazho v Urban Bldrs. Group, Inc., 205 AD3d 411, 411 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025