Brito v City of New York (2025 NY Slip Op 02869)

Brito v City of New York

2025 NY Slip Op 02869

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 150436/17, 596173/19, 595759/20, 595244/23|Appeal No. 4354|Case No. 2024-03538|

[*1]Stalin Brito, Plaintiff-Appellant,
v
The City of New York, Defendant, New York City Housing Authority, Defendant-Respondent.

New York City Housing Authority, Third-Party Plaintiff-Respondent,
v
Jacobs Project Management Co., Third-Party Defendant-Respondent.

New York City Housing Authority, Second Third-Party Plaintiff- Respondent,
v
Universal Construction Resources, Inc., Second Third-Party Defendant- Respondent,

New York City Housing Authority, Third Third-Party Plaintiff-Respondent,
v
Warren Panzer Engineers, P.C., Third Third-Party Defendant- Respondent.

The Perecman Firm, P.L.L.C., New York (Peter D. Rigelhaupt of counsel), for appellant.
Fleischner Potash LLP, New York (Alisa Dultz of counsel), for New York City Housing Authority, respondent.
Braverman Greenspun, P.C., New York (Drew E. Pakett of counsel), for Universal Construction Resources, Inc., respondent.

Order, Supreme Court, New York (Lyle E. Frank, J.), entered on or about May 15, 2024, which, to the extent appealed from as limited by the briefs, granted the motions of defendant New York City Housing Authority (NYCHA) and third-party defendant Universal Construction Resources, Inc. (UCRI) for summary judgment dismissing the complaint, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, and deemed the respective motions of NYCHA and third-party defendants concerning the counterclaims and cross-claims as moot, unanimously reversed, on the law, without costs, the motions for summary judgment dismissing plaintiff's complaint denied, plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim granted, and the matter remanded for the purpose of addressing the motions of NYCHA and third-party defendants concerning the counterclaims and cross-claims.
Plaintiff was performing asbestos removal work on the roof of a residential building in NYCHA's Mariners Harbor complex on Staten Island when the wind knocked over three unsecured panels of galvanized steel fencing onto plaintiff, causing his injuries. Each panel measured 8 feet in height and 8 to 10 feet in length. Together the panels had a combined weight of approximately 150 to 225 pounds.
Plaintiff demonstrated prima facie entitlement to summary judgment on his Labor Law § 240(1) claim. Plaintiff established that at the time the fence panels fell onto him, they were not tied down to a bulkhead or parapet wall or secured by heavy sandbags and/or metal plates, as had been the protocol for the general contractor to follow in safeguarding the fencing. The fence had been partially dismantled and temporarily moved and stored in the area where plaintiff was working. Because of the reasonable possibility that they might topple onto the workspace, the panels required securing for the purposes of the undertaking (see Spero v 3781 Broadway, LLC, 214 AD3d 546, 547 [1st Dept 2023]; Jordan v City of New York, 126 AD3d 619, 620 [1st Dept 2015]; Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662-663 [2014]).
Furthermore, plaintiff's evidence demonstrated that the gravitational force generated by the wind-toppled steel fence panels was significant and a proximate cause of his injuries (see Spero v 3781 Broadway, LLC, 214 AD3d at 547). Plaintiff's work involving asbestos removal fell within the protections of Labor Law § 240(1), as such work was part of a larger project to renovate multiple building rooftops at the Mariners Harbor complex (see Mananghaya v Bronx-Lebanon Hosp. Ctr., 165 AD3d 117, 123 [1st Dept 2018], lv dismissed 33 NY3d 969 [2019]).
In opposition to plaintiff's prima facie showing on the Labor Law § 240(1) claim, NYCHA and UCRI failed to raise a triable issue of fact. Their argument that the fence had no connection to plaintiff's work, as the fence's purpose was purely to keep the building residents from entering the rooftop work zone [*2]during nonworking hours, is unavailing (see Diaz v HHC TS Reit LLC, 193 AD3d 640, 641 [1st Dept 2021]). The Second Department cases on which the motion court relied are not controlling. In any event, these decisions involved the failure of perimeter fences and contain no facts tending to show that the fences fell near where work was in progress (see Gurewitz v City of New York, 175 AD3d 658 [2d Dept 2019]; Berman-Rey v Gomez, 153 AD3d 653 [2d Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025