**Orellana v 5541-1274 Fifth Ave. Manhattan LLC**

2026 NY Slip Op 30819(U)

March 9, 2026

Supreme Court, New York County

Docket Number: Index No. 152497/2020

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. LYLE E. FRANK** | **PART** **11M** |
| *Justice* | |

--------------------------------------------------------------------------------X

MILTON ALFREDO BARRERA ORELLANA,

Plaintiff,

- v -

5541-1274 FIFTH AVENUE MANHATTAN LLC,REIDY
CONTRACTING GROUP LLC,H&L IRONWORKS CORP.,
LCD ELEVATOR, INC.,AKELIUS REAL ESTATE,

Defendant.

--------------------------------------------------------------------------------X

REIDY CONTRACTING GROUP LLC

Plaintiff,

-against-

H&L IRONWORKS CORP., LCD ELEVATOR INC.

Defendant.

--------------------------------------------------------------------------------X

5541-1274 FIFTH AVENUE MANHATTAN LLC

Plaintiff,

-against-

LCD ELEVATOR, INC., TOUCHSTONE CONTRACTING INC.

Defendant.

--------------------------------------------------------------------------------X

H&L IRONWORKS CORP.

Plaintiff,

-against-

TOUCHSTONE CONTRACTING INC.

Defendant.

--------------------------------------------------------------------------------X

**INDEX NO.**  152497/2020

**MOTION DATE**  03/14/2025

**MOTION SEQ. NO.**  010

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595725/2020

Second Third-Party
Index No.  595899/2020

Third Third-Party
Index No.  595319/2023

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 010) 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 295, 301, 312, 315, 316, 348, 349, 350, 355, 362, 368, 373, 378, 381, 387

were read on this motion to/for          JUDGMENT - SUMMARY                    .

Upon the foregoing documents, the motion is granted.

## Background

This motion arises out of a Labor Law case involving an incident at a construction site located on a premises owned by defendants Akelius Real Estate Management LLC ("Akelius") 5541-1274 Fifth Avenue Manhattan LLC ("Fifth" or collectively with Akelius "Owners"). The general contractor for the project was defendant Reidy Contracting Group, LLC ("Reidy" or "GC"). Plaintiff was a bricklayer, employed by defendant Touchstone Contracting, Inc. ("Touchstone" or "Employer"). He was working on a scaffold on the day in question when an unsecured cinderblock or brick fell and injured him. Plaintiff was positioned beneath an elevator bulkhead above the rooftop. A plastic tarp had been placed on top of the bulkhead in order to protect the elevator from the weather, and it is alleged that the tarp was secured with cinderblocks and that on the day in question, a gust of wind blew one of the cinderblocks off the tarp onto Plaintiff.

### *Procedural Background*

Plaintiff commenced this underlying proceeding in March of 2020, pleading claims against Owners and GC. Both defendants answered, and the GC filed a third-party complaint in September of 2020, pleading claims for indemnification and contribution against two sub-contractors on the site: H&L Ironworks Corp. ("H&L" or "Masonry Subcontractor") who was hired by Reidy and themselves sub-contracted Employer, and LCD Elevator, Inc. ("LCD" or "Elevator Subcontractor"), who was hired directly by Owners. Both H&L and LCD have

answered the third-party complaint. Plaintiff has filed several verified bills of particulars in this case.

In June of 2022, Plaintiff commenced a separate action against Akelius, which has since been consolidated with this action. In May of 2023, the GC filed a motion for summary judgment seeking dismissal of the labor law claims against them and contractual indemnity from H&L. A decision from this Court granted dismissal of the common law negligence, Labor Law § 200, and Labor Law 241(6) claims against the GC (the "December Order"). In dismissing the Labor Law 241(6) claim, the Court reasoned that it was undisputed that work was not being done overhead at the time of the accident and therefore "the movant has established that section 23-1/7(a) [of the Industrial Code] is inapplicable to the instant case." The December Order also noted that the GC had failed to meet their burden on establishing contractual indemnity because there were questions of fact going to whether the accident in question was "cause or contributed by" H&L's work as they were not present on the roof at the time of the accident. The GC appealed the December Order, which was affirmed by the First Department. Plaintiff filed the Note of Issue in January of 2025.

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016].

The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

In this motion, Plaintiff moves for summary judgment as to liability on his Labor Law § 240(1) cause of action, asserted against Owners and the GC. This provision of the Labor Law requires all contractors and owners to construct, place, and operate scaffolds so as to give "proper protection" to workers. The Court of Appeals has held that owners and contractors have absolute liability for injuries sustained by a worker in the absence of safety devices, and that the legislative intent was for this provision to be liberally construed. *See, e.g., Zimmer v. Chemung County Performing Arts, Inc.*, 65 N.Y.2d 513, 520 – 21 [1985]. This provision applies to instances involving "elevation-related risk." *Rocovich v. Consolidated Edison Co.*, 78 N.Y.2d 509, 515 [1991]; *see also Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81 N.Y.2d 494, 501 [1993] (holding that Labor Law § 240(1) applies when a protective device or scaffold "proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*" (emphasis in original)).

Plaintiff argues that because he was injured as a direct result of the flow of gravity upon the cinderblock, and that the failure to provide safety devices preventing the cinderblock from being secured establishes his entitlement to summary judgment. Owners, the GC, and H&L oppose the motion. For the reasons that follow, the motion is granted.

*The Cinderblock Was a Falling Object That Was Required to Have Been Secured for the Undertaking*

Owners argue that Plaintiff has failed to identify what specific safety device was necessary to avoid the accident. In reply, Plaintiff argues that if there is a reasonable possibility

[* 4]

that an object might fall into the workspace, then such an object would require securing, and the failure to identify a specific safety device is not fatal. The general rule is that "a plaintiff establishes a prima facie entitlement to liability on a Labor Law § 240(1) 'falling object' claim where he shows that he was struck by a falling object, that such object required securing for the purposes of the undertaking, and that the lack of adequate overhead protection failed to shield against the falling of such object and therefore proximately caused plaintiff's injuries." *Torres-Quito v. 1711 LLC*, 227 A.D.3d 113, 116 [1st Dept. 2024]. The First Department has held that if there is a "reasonable possibility" that an object might fall into the workplace, then they require securing for the purposes of the work as contemplated in Labor Law § 240(1). *Brito v. City of New York*, 238 A.D.3d 508, 509 [1st Dept. 2025]. A plaintiff is not required to submit testimony regarding a required safety device in such a scenario. *Cazho v. Urban Bldrs. Group, Inc.*, 205 A.D.3d 411, 411 [1st Dept. 2022]. Therefore, the failure to identify a specific safety device that would have protected Plaintiff from falling cinderblocks is not fatal to his motion.

The GC argues in opposition that the cinderblock in question does not constitute a falling object for the purposes of Labor Law § 240(1) because it did not need to be hoisted or secured for any undertaking. As addressed above, it is a reasonable possibility that an unsecured cinderblock above the scaffold might fall and therefore was required to be secured. The GC cites to *Guallpa*, but that case is distinguishable. There, the injured plaintiff was walking by a pallet where a stone resting on top of it fell and injured the plaintiff. *Guallpa v. Leon D. DeMatteis Constr. Corp.*, 121 A.D.3d 416, 417 [1st Dept. 2014]. In determining that the Labor Law § 240(1) claim was properly dismissed, the First Department specifically noted that "Plaintiff does not contend that the block itself was inadequately secured." *Id.*, at 418. Here, that is precisely what Plaintiff contends. Ultimately, Plaintiff has established a prima facie entitlement to

summary judgment on his Labor Law § 240(1) claim and no opposing party has met their burden in establishing otherwise.

### The Court Will Not Sua Sponte Dismiss Claims Against H&L

H&L argues that because Plaintiff failed to move for summary judgment on its Section 201(1) claim against them, the claim has been abandoned. It asks the Court to "sua sponte find that Plaintiff has abandoned its claims against H&L and dismiss the 240(1) claim against them." In support of their contention that a failure to move for summary judgment on a claim constitutes abandonment of that claim, H&L cites to cases that all stand for the proposition that *failure to oppose* a motion to dismiss a claim constitutes abandonment, not that failure to *bring* a motion for summary judgment constitutes abandonment of a claim. *See Vucetaj v. Dahl*, 233 A.D.3d 503, 504 [1st Dept. 2024]; *Campbell v. City of New York*, 227 A.D.3d 538, 538 – 39 [1st Dept. 2024]; *Jamie Ng v. NYU Langone Med. Ctr.*, 157 A.D.3d 549, 550 [1st Dept. 2018]; *Josephson LLC v. Column Fin., Inc.*, 94 A.D.3d 479, 480 [1st Dept. 2012]. These cases are clearly distinguishable and provide no support for H&L's argument, even if the Court was inclined to dismiss a claim *sua sponte*. Accordingly, it is hereby

ADJUDGED that the motion is granted; and it is further

ORDERED that plaintiff Milton Alfredo Barrera Orellana is entitled to summary judgment as to liability on his Labor Law § 240(1) cause of action against defendants 5541-1274 Fifth Avenue Manhattan LLC, Akelius Real Estate, and Reidy Contracting Group LLC, with damages to be determined at trial or other resolution of this matter.

[* 6]

20260309163039LFRANK78BDB740188F4A4AB8CD4FFC034C16E3

**3/9/2026**

**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | **X** | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

152497/2020   ORELLANA, MILTON ALFREDO vs. 5541-1274 FIFTH AVENUE          Page 7 of 7
Motion No.  010

[* 7]