Rosenblum v City of New York

2026 NY Slip Op 02802

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Andrew Rosenblum, Plaintiff-Respondent-Appellant,

v

The City of New York, et al., Defendants-Appellants-Respondents, Metropolitan Transportation Authority, Defendant-Respondent.

Decided and Entered: May 05, 2026

Index No. 20717/19|Appeal No. 6535|Case No. 2025-00883|

Before: Manzanet-Daniels, J.P., Kapnick, Rodriguez, Pitt-Burke, O'Neill Levy, JJ.

Brooks & Berne, PLLC, White Plains (Michael E. Andreou of counsel), for The City of New York, appellant-respondent.

Gartner + Bloom, P.C., New York (Susan P. Mahon of counsel), for Oliveira Contracting, Inc., appellant-respondent.

Elefterakis, Elefterakis & Panek, New York (Daniel Lei of counsel), for respondent-appellant.

[*1]

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered January 24, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim, denied the motion of defendant The City of New York for summary judgment dismissing plaintiff's Labor Law §§ 240 (1) and 200 claims and common-law negligence claim, for summary judgment dismissing defendant Oliveira Contracting, Inc.'s cross-claims for common-law indemnification and contribution, and summary judgment on the City's contractual indemnification and breach of contract cross-claims against Oliveira, and granted the City's motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7 (b) (1), unanimously modified, on the law, to grant the City summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims as against it, dismissing Oliveira's cross-claims for common-law indemnification and contribution as against it, and granting summary judgment to the City on its cross-claim for contractual indemnification against Oliveira, and otherwise affirmed, without costs.

The City hired Oliveira as the general contractor for a project known as "Reconstruction of the Webster Avenue Select Bus Service," which involved extending the sidewalk further into the street by cutting a section of concrete, preparing a subbase, and pouring new concrete. Plaintiff, who delivered concrete to the jobsite, was injured when a "platform," which was made of wood, rebar, and wire, or "wooden block," collapsed underneath him. He fell two and one-half to three feet into an excavated area the width of a bus lane.

The court properly granted plaintiff partial summary judgment on his Labor Law § 240(1) claim. Plaintiff, who was delivering construction materials to an active jobsite was covered by the statute (see Serrano v TED Gen. Contr., 157 AD3d 474, 475 [1st Dept 2018]). Plaintiff's accident was also the direct consequence of defendants' failure to protect plaintiff from an elevation-related hazard since he fell into the excavated area (see Rubio v New York Proton Mgt., LLC, 192 AD3d 438, 439 [1st Dept 2021]). Plaintiff also cannot be the sole proximate cause of his accident because he was advised to walk on the platform by jobsite workers (see Cazho v Urban Bldrs. Group, Inc., 205 AD3d 411, 411-412 [1st Dept 2022]).

Because the court properly granted summary judgment to plaintiff on his Labor Law § 240 (1) claim, the arguments related to plaintiff's Labor Law § 241(6) claim are academic (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]).

[*2]

The Labor Law § 200 and common-law negligence arguments, however, are not academic because they are relevant to the indemnification claims. The court should have dismissed plaintiff's Labor Law § 200 and common-law negligence claims against the City. A means and methods analysis applies to plaintiff's accident because it resulted from the collapse of the "platform" or "wooden block" due to improper installation (see Lopez v Dagan, 98 AD3d 436, 436, 438 [1st Dept 2012], lv denied 21 NY3d 855 [2013]). The City established that it had no control over the injury causing work, in either directing where plaintiff should walk when delivering the concrete or installing the "platform." The City's general supervisory authority is insufficient to demonstrate the requisite degree of control necessary to preclude dismissal of the Labor Law § 200 and common-law negligence claims (see Mendriski v New York City Hous. Auth., 189 AD3d 410, 411 [1st Dept 2020]).

The court should also have granted the City summary judgment on its cross-claim for contractual indemnification against Oliveira. The indemnification provision here was triggered solely by virtue of plaintiff's accident occurring while delivering concrete to the jobsite (see Vitucci v Durst Pyramid LLC, 205 AD3d 441, 445 [1st Dept 2022]). In addition, the City established its freedom from negligence and thus it is entitled to an unconditional award of summary judgment on its contractual indemnification claim (see Herrero v 2146 Nostrand Ave. Assoc., LLC, 193 AD3d 421, 424 [1st Dept 2021]).

Moreover, because the City was not negligent, the court should have dismissed Oliveira's cross-claims for common-law indemnification and contribution.

Finally, the court properly denied the City's summary judgment motion to the extent it sought summary judgment on its breach of contract cross-claim based on Oliveira's failure to procure insurance. The City's cross-claim, which alleges that Oliveira "may be liable . . . for contribution on the basis of their equitable shares of responsibility, or for indemnity on the basis of a contract . . . actual or implied," fails to plead Oliveira's obligation to obtain insurance, Oliveira's failure to obtain it, and any damages arising out of that failure (see CPLR 3013).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026