Batlle v NY Devs. & Mgt., Inc. (2021 NY Slip Op 02446)





Batlle v NY Devs. & Mgt., Inc.


2021 NY Slip Op 02446


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 25992/16E, 43030/17E Appeal No. 13629-13629A Case No. 2019-05097, 2020-02190 

[*1]Fernando QuiÑones Batlle et al., Plaintiffs-Respondents,
v
NY Developers & Management, Inc., et al., Defendants-Appellants, Velocity Framers NY Inc. et al., Defendants.
317 St Marks Avenue LLC et al., Third-Party Plaintiffs-Appellants,
v
Big Apple Designers Inc., Third-Party Defendant-Respondent. [And Another Third-Party Action.]


Hannum Feretic Prendergast & Merlino, LLC, New York (Douglas J. Domsky of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for Fernando QuiÑones Batlle and Rosa Batlle, respondents.
Goetz Schenker Blee & Wiederhorn, LLP, New York (Lisa De Lindsay of counsel), for Big Apple Designers Inc., respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered August 26, 2019, which granted plaintiffs' motion for partial summary judgment on the Labor Law § 240(1) claim as against defendants NY Developers & Management, Inc. and 317 St. Marks Avenue LLC (collectively defendants), unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered November 4, 2019, which denied defendants' motion for summary judgment on their contractual indemnification claim against third-party defendant Big Apple Designers Inc. (Big Apple), unanimously reversed, on the law, without costs, and the motion granted.
Partial summary judgment on the Labor Law § 240(1) claim is precluded by issues of fact as to whether plaintiff's conduct was the sole proximate cause of his injuries. Plaintiff alleged that less than a minute after he started performing work while standing on a scaffold platform without railings, the scaffold moved and he immediately fell to the floor. He testified that a foreman had ordered him to perform that work without railings because the railings were being used by another company. However, another foreman testified that 20 to 60 minutes before the accident, he instructed plaintiff to stop performing the work, get off the scaffold, and obtain the railings which allegedly were available. Deposition testimony indicated that plaintiff, who required a Spanish interpreter, may not have fully understood the instructions given to him in English. These conflicting accounts raised issues of fact as to whether defendant "has no liability under Labor Law § 240(1)" because plaintiff "(1) had adequate safety devices available, (2) knew both that the safety devices were available and that [he was] expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had [he] not made that choice" (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020] [internal quotation marks omitted]).
No material issue of fact exists with respect to the conflicting accounts as to whether or not plaintiff locked the scaffold's wheels. The scaffold was never tested after plaintiff's accident to see if the wheels had been locked and whether the brakes were functioning.
The court should have granted defendants' motion for summary judgment on their contractual indemnification claim against Big Apple. Defendants made a prima facie showing that they were free of negligence since the accident was caused by the means and methods of the work, and defendants did not exercise supervisory control over the activity that caused the injuries (see Alvarado v French Council LLC, 149 AD3d 581, 582 [1st Dept 2017]; Balbuena v New York Stock Exch., Inc., 49 AD3d 374, 376-377 [1st Dept 2008], lv denied 14 NY3d 709 [2010]). Big Apple failed to raise an issue of fact as to defendants' negligence; Big Apple's argument that the scaffold could have moved because of a condition of the floor is speculative [*2]and unsupported by the record.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021