Moldaver v Pref 34 E. 51st St., LLC (2021 NY Slip Op 02754)





Moldaver v Pref 34 E. 51st St., LLC


2021 NY Slip Op 02754


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Index No. 162881/15 Appeal No. 13748 Case No. 2020-02969 

[*1]Anatoly Moldaver, Plaintiff-Appellant,
v
Pref 34 East 51st Street, LLC, et al., Defendants-Respondents.
Sciame Construction, LLC, et al., Third-Party Plaintiffs-Respondents,
v
Thyssenkrupp Elevator Company, Third-Party Defendant-Respondent.


Charen Kim Law Firm, New York (Charen Kim of counsel), for appellant.
Ropers Majeski, P.C., New York (Christopher J. Gioia of counsel), for PREF 34 East 51st Street, LLC, Sciame Construction LLC, F.J. Sciame Construction Co., Inc., JRM Construction Management LLC, and F.T. Sciame Construction Co., Inc., respondents.
Babchik & Young, LLP, White Plains (Alexandra L. Robins of counsel), for Thyssenkrupp Elevator Company, respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 24, 2019, which, insofar as appealed from as limited by the briefs, granted defendants Pref 34 East 51st Street, Sciame Construction, LLC and F.J. Sciame Construction Co., Inc.'s and third-party defendant's (Thyssenkrupp) motions for summary judgment dismissing the common-law negligence and Labor Law § 200 claims and the Labor Law § 241(6) claim based on Industrial Code (12 NYCRR) § 23-2.5(b), unanimously affirmed, without costs.
The record demonstrates conclusively that plaintiff's employer, Thyssenkrupp, and not defendants, directed and controlled the elevator installation work, including the specific task in which plaintiff was engaged at the time of his accident, i.e., installing counterweights. That Thyssenkrupp and the safety inspectors reported to the Sciame defendants, which managed "general safety," created daily reports, conducted daily coordination and walkthroughs, and held foreman and subcontractor meetings, merely demonstrates that the Sciame defendants had general supervision of the worksite and overall responsibility for safety, which is insufficient to raise an issue of fact as to whether they exercised the requisite degree of control to be held liable in common-law negligence or under Labor Law § 200 (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449 [1st Dept 2013]).
The motion court correctly determined that Industrial Code § 23-2.5(b) cannot serve as a predicate for plaintiff's Labor Law § 241(6) claim. Subparagraph (b)(1), which requires a platform no more than two stories or 30 feet, whichever is less, above workers in elevator shafts while installing elevators, is inapplicable, because no planking installed above plaintiff would have prevented the counterweight that he and a coworker were manually placing in a frame from crushing plaintiff's fingers in the frame when his coworker released his end of it. Subparagraph (b)(3), which requires a partition "where necessary" to prevent contact with "any adjacent operable elevator or counterweight," is inapplicable, because the counterweight that plaintiff was installing was not operable; thus, a partition was not only not "necessary" but also would have prevented plaintiff from carrying out his task. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021