| Vera v Gelman |
|:---:|
| 2025 NY Slip Op 31011(U) |
| March 31, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155256/2019 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     **HON. DAVID B. COHEN**

*Justice*

------------------------------------------------------------------------------X

FLAVIO VERA,

Plaintiff,

- v –

MICHAEL GELMAN, EAST END BUILDING COMPANY,

Defendants.

------------------------------------------------------------------------------X

**PART**     **58**

**INDEX NO.**     155256/2019

**MOTION DATE**     04/12/2024

**MOTION SEQ. NO.**     002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER)          .

Plaintiff moves pursuant to CPLR 3212 for an order granting him partial summary judgment on his Labor Law 240(1) claim against defendant East End Building Company. Defendants oppose.

Defendant Gelman moves for summary dismissal of plaintiff's complaint against him, based on the single-homeowner exception, as well as any cross-claims. Plaintiff opposes.

## I.     UNDISPUTED FACTS (NYSCEF 39, 59)

Based on the parties' statements and counter-statements of material fact, the following facts are undisputed:

Plaintiff and other deponents testified that on February 16, 2019, the date of plaintiff's accident, he was employed as a laborer by third-party defendant Phillip's Contracting, Inc. At the time, construction work was ongoing at a new residential property being built in Watermill, New York (premises). Defendant Gelman owns the premises, and had hired East End as the

155256/2019   VERA, FLAVIO vs. GELMAN, MICHAEL
Motion No.  002

Page 1 of 7

[* 1]

general contractor for the project. East End hired Phillip's Contracting to waterproof the roof and apply the final roof structure to the buildings.

Phillip's began its work on the project the day before or the day of plaintiff's accident. On February 16th, it began to lay down the roof underlining, a high temperature ice and water shield, on top of a plywood roof that had been installed by the framing subcontractors a week earlier.

The underlining came in large rolls, at least four-feet wide and 20-feet long, weighed about 10 to 15 pounds each, and was self-adhesive. Installing it involved rolling it out from the bottom to the top of the roof, moving higher to the peak of the roof. The roof at the site had a very steep incline.

On the date of the accident, an owner of Phillip's was at the site, in charge of his workers and giving them instructions. Ladders and scaffolds were set up in order for the workers to access the roof; the scaffolds were approximately eight to ten feet high. Two-by-four wooden planks had been nailed to the roof for the workers to stand on. Phillip's had brought all the necessary equipment, and had installed the scaffolds, ladders, and planks.

Philip's owner was one of the two workers standing on the top of the roof, with others standing on the planks, and both workers were wearing safety harnesses. Plaintiff was supposed to stand on the scaffolding only and pass supplies to the workers.

According to Philip's owner, as he was descending the scaffolding, he saw plaintiff standing on the roof, without wearing a harness. When the accident occurred, plaintiff was standing between a scaffolding plank and the roof, and the plank came off, causing plaintiff to fall to the ground.

155256/2019 VERA, FLAVIO vs. GELMAN, MICHAEL Page 2 of 7
Motion No. 002

2 of 7

According to plaintiff, while there were two harnesses in the workers' van, they were not used by the workers because Philip's had no rope to attach to them in order to secure them to the roof or another area. However, Philip's owner testified that they had rope available, and that while he was working on the roof, he wore a harness attached to a rope, which was connected to the roof; he and another worker had installed the connection to the roof that day.

## II. PLAINTIFF'S MOTION

"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and contractors for failing to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute" (*Soto v J. Crew Inc.*, 21 NY3d 562, 566 [2013] [citations omitted]; *see Healy v EST Downtown, LLC*, 38 NY3d 998, 999 [2022]). A plaintiff seeking summary judgment on the issue of liability "must establish that the statute was violated and that such violation was a proximate cause of his injury" (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]; *see Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 405 [1st Dept 2018]).

Plaintiff contends that defendants violated Labor Law 240(1) by failing to provide him with safety equipment to break his fall, such as a harness or lifeline. To the extent that the planks and scaffolds constitute safety equipment, they proved insufficient to stop plaintiff's fall from the roof (NYSCEF 56).

Defendants argue that plaintiff was the sole proximate cause of his accident as he was not supposed to be standing on the roof that day, but only on the scaffold, and that his decision to stand on the roof was the cause of his accident. Moreover, there is no evidence that there was anything

155256/2019   VERA, FLAVIO vs. GELMAN, MICHAEL
Motion No.  002

Page 3 of 7

3 of 7

wrong with the scaffold, which operated as safety equipment, and they deny that a harness was not available for plaintiff's use (NSYCFE 57).

In reply, plaintiff observes that by asserting that he was the sole proximate cause of his accident, defendants have conceded that he established his prima facie entitlement to summary judgment on this claim. He also denies that the scaffold constituted an adequate safety device for this work, or that he was instructed to not work on the roof.

A defense that a worker's conduct was the sole proximate cause of his or her accident requires a showing that the worker: (1) had adequate safety devices available; (2) knew both that the safety devices were available and that he was expected to use them; (3) chose for no good reason not to use them; and (4) would not have been injured had he not made that choice (*Biaco-Neto v Boston Rd. II Hous. Dev. Fund Corp*., 34 NY3d 1166, 1167 - 1168 [2020]).

Here, while plaintiff testified that he was unable to use a safety harness as there was no rope with which to attach it to the roof or another area, Philip's owner testified that there was rope available and, in fact, his harness was attached to the roof while he was using it. There thus remains a triable issue as to whether adequate safety devices were available at the site (*see Guaman v New York City Hous. Auth*., 209 AD3d 431 [1st Dept 2022] [issues of fact existed as plaintiff testified only five or six-foot safety line was provided and was too short for his work, but his employer testified that longer line was also available and was sufficient to do work]).

On the issue of whether plaintiff chose for no good reason not to use a harness, the conflicting testimony between plaintiff's testimony that there was no rope versus his employer's testimony that there was, raises credibility issues which may not be resolved on a motion for summary judgment (*see Fundus v Scarola*, 214 AD3d 479 [1st Dept 2023] [issues of fact raised by conflicting testimony precluding summary judgment in plaintiff's favor; plaintiff's testimony

would have established that his conduct was at most comparative negligence, while supervisor's testimony would have shown that plaintiff's own unauthorized and dangerous conduct caused accident]).

There thus exists a triable issue as to whether plaintiff's actions were the sole proximate cause of his accident, thereby requiring the denial of his motion for partial summary judgment on his Labor Law 240(1) claim (*see Batlle v NY Dev. & Mgt., Inc.*, 193 AD3d 562 [1st Dept 2021] [plaintiff's testimony that foreman ordered him to perform work without railings conflicted with foreman's testimony that he told plaintiff to stop work and get railings which were available]).

However, plaintiff's alleged disregard of instructions that he not work on the roof constitutes comparative negligence, which is not a defense to a Labor Law 240(1) violation, and not sole proximate cause (*Plaku v 1622 Van Burden LLC*, 198 AD3d 431 [1st Dept 2021] [worker's injury in area of work site where worker not supposed to be constitutes comparative negligence only]).  Thus, defendants' arguments based on this ground have no merit.


III.    GELMAN'S MOTION

Pursuant to this court's rules, parties have 120 days from the filing of the note of issue (NOI) to file their summary judgment motions.  In this case, as the NOI was filed on December 15, 2023, the deadline for the motion was April 15, 2024 (the 120th day fell on a Saturday, thereby requiring an extension of the deadline to the following Monday).  Plaintiff's motion was filed April 12, 2024, one day before the deadline, while Gelman's cross-motion was filed on May 13, 2024.

An untimely cross-motion made after the expiration of the 120-day period may be considered by the court, even without good cause for the delay, if it seeks "nearly identical"

155256/2019   VERA, FLAVIO vs. GELMAN, MICHAEL
Motion No.  002

Page 5 of 7

5 of 7

relief to that in the timely motion (*Filannino v Triborough Bridge and Tunnel Auth*., 34 AD3d 280 [1st Dept 2006]).

Here, however, Gelman's motion did not seek the relief nearly identical to that raised in plaintiff's motion, as plaintiff's motion did not address Gelman's liability at all, nor his defense based on the single home-owner exception, and as plaintiff's motion sought summary judgment on his Labor Law 240(1) claim only while Gelman's cross-motion seeks dismissal of plaintiff's Labor Law 241(6) and 200 claims as well. Moreover, as plaintiff did not seek summary judgment against Gelman in his motion, Gelman's motion is not a proper cross-motion at all (*see Crawford v 14 E. 11th St., LLC*, 191 AD3d 461 [1st Dept 2021] [cross-motion correctly denied as untimely, as motion not true cross-motion as plaintiff did not move against cross-movant and did not raise issues nearly identical to those raised by plaintiff in his motion]; *Kershaw v Hosp. for Special Surgery*, 114 AD3d 75 [1st Dept 2013] [cross-motion improper vehicle for seeking relief against nonmoving party]).

Finally, Gelman does not address the untimeliness or impropriety of his cross-motion in his moving papers, not did he submit a reply to plaintiff's opposition, and thus does not advance any good cause for the delay in filing his motion.

## IV. CONCLUSION

Accordingly, it is hereby

ORDERED that plaintiff's motion for partial summary judgment on his Labor Law 2401(1) claim against defendant East End Building Company is denied; and it is further

ORDERED that defendant Gelman's cross-motion for summary judgment dismissing all of plaintiff's claims and any cross-claims against him is denied;

**155256/2019   VERA, FLAVIO vs. GELMAN, MICHAEL**                                                          **Page 6 of 7**
  **Motion No.  002**

[* 6]

ORDERED that the parties appear for a settlement/trial scheduling conference on July 30, 2025, at 9:30 am, at 71 Thomas Street, Room 305, New York, New York.

3/31/2025
**DATE**

DAVID B. COHEN, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**155256/2019   VERA, FLAVIO vs. GELMAN, MICHAEL**
**Motion No.  002**

Page 7 of 7

[* 7]