Llerena v 975 Park Ave. Corp. (2025 NY Slip Op 06907)

Llerena v 975 Park Ave. Corp.

2025 NY Slip Op 06907

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Manzanet-Daniels, J.P., Gesmer, González, Shulman, O'Neill Levy, JJ. 

Index No. 27073/20|Appeal No. 5354|Case No. 2024-07386|

[*1]Jonathan Llerena, Plaintiff-Respondent-Appellant,
v
975 Park Avenue Corp. et al., Defendants-Appellants-Respondents.

Rawle & Henderson, LLP, New York (Beth S. Gereg of counsel), for appellants-respondents.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent-appellant.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about November 7, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendants 975 Park Avenue Corp., Charles H. Greenthal Management Corp., and Nova Construction Services, LLC for summary judgment to the extent of dismissing the common-law negligence and Labor Law § 200 claims as against 975 Park and Greenthal only and dismissing the Labor Law § 240(1) claim against each of the moving defendants, and denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and on his Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) § 23-5.8(g), unanimously modified, on the law, to deny defendants' motion for summary judgment dismissing the Labor Law § 240(1) and to grant plaintiff's motion for partial summary judgment on that claim, and to grant defendants' motion to dismiss the common-law negligence and Labor Law § 200 claims as against Nova, and otherwise affirmed, without costs.
Plaintiff was performing exterior building facade repairs when the suspended scaffold on which he was standing suddenly moved approximately one foot away from the building, causing the tip of the chipping hammer he was using to slip into a hole where a brick had been removed. This caused him to injure his shoulder and then fall onto the scaffold platform.
The court should have granted plaintiff partial summary judgment on the Labor Law § 240(1) claim because the inadequately secured scaffold "caused plaintiff to be injured by the very safety device intended to protect [him] from the gravity-related risks posed by working on the building's . . . exterior" (Interiano v Silverstein Galaxy Prop. Owner, LLC, 234 AD3d 488, 489 [1st Dept 2025]). In light of this holding, the Labor Law § 241(6) claim is academic, and we need not reach it (see Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]).
The court should have dismissed the common-law negligence and § 200 claims as against defendant Nova, the general contractor. The accident arose from the means and methods of the injury-producing work (see Batlle v NY Devs. & Mgt., Inc., 193 AD3d 562, 563 [1st Dept 2021]). Plaintiff testified that he received all his instructions from his foreman and had no communications with Nova employees (see Mendriski v New York City Hous. Auth., 189 AD3d 410, 411 [1st Dept 2020]). Nova's general responsibility for site safety was insufficient to raise an issue of fact as to whether it actually exercised sufficient control over the work to be held liable under the common law or Labor Law § 200 (see Moldaver v Pref 34 E. 51st St., LLC, 194 AD3d 419, 420 [1st Dept 2021]; Mendriski, 189 AD3d at 411). That Nova may have had a contractual right of control over the work was insufficient to raise an issue of fact as to whether it exercised actual control over the work (Brown v New York City Economic Dev. Corp., 234 AD2d 33, 33 [1st Dept 1996]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025